

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATAUSHA SIMMONS
　　　　　　　　Plaintiff,

　　　　　v.

Case:2:19-cv-12091
Judge: Borman, Paul D.
MJ: Patti, Anthony P.
Filed: 07-16-2019 At 02:20 PM
SIMMONS v BENSON, ET AL. (af)

MICHIGAN SECRETARY OF STATE JOCELYN BENSON,
in her individual and official capacity,
SECRETARY OF STATE OF MICHIGAN
DEPARTMENT OF STATE, and
UNKNOWN JANE AND JOHN DOE, agents and or employees of
the Secretary of State of Michigan Department of State
in their individual and official capacities.
Jointly and Severally.
　　　　　　　　Defendants.

---

_LaTausha Simmons
Plaintiff, In Pro Per
20500 Dean
Detroit, MI 48234

---

## COMPLAINT AND JURY DEMAND

**NOW COMES**, Plaintiff, LaTausha Simmons, Pro Se, and files her Complaint against the

Defendants, and in support of same, states as follows:

1. This action is for damages brought against the above-named Defendants, and their agents,

ostensible agents, servants and/or employees, in their official and individual capacities pursuant to *42*

*USC § § § 1983, 1985 and 1988, Due Process and Equal Protection Clauses, Fourth, Sixth and*

*Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983* and under the statutory

and common law of the State of Michigan, wherein exhaustion of state administrative remedies are not

required before seeking action under *42 U.S.C. § 1983,* and this action is also brought for declaratory and

1

injunctive relief to cease the Defendants' actions against Plaintiff Ms. Simmons driver's license, (the unconstitutional wealth-based "stop action" scheme, that prevents the renewal her driver's).  The "stop action" is currently ongoing.  The scheme clearly notates that the driver license is "not suspended."

2. Defendants, acting intentionally with malice and ill will and in wanton and willful disregard to Plaintiff's LaTausha Simmons (hereinafter "Ms. Simmons") Constitutional Rights for a pecuniary profit, caused Plaintiff Simmons to be subjected violations of her protected federal and state Constitutional rights, including but not limited to: the denial of her right to renew her driver's license, to be falsely arrested without probable cause, to malicious detainment and confinement (false imprisonment), to be fined in excess of $1,200.00 plus attorney fees in excess of $3,500 to defend against the stop action, and to suffer physical, mental and emotional injuries and damages in violation of her Constitutional Rights of the Constitution of the United States and of the State of Michigan.  Plaintiff Ms. Simmons driver's license currently has a "stop action" placed on it since 2013, that prevents her from renewing her driver's license, wherein there were no outstanding parking tickets on behalf of Plaintiff Ms. Simmons, at the time of Defendants' 2013 actions.  Defendants' "stop action" violates the Equal Protection Clause of the Fourteenth Amendment, the Due Process guarantee of fundamental fairness, Plaintiffs' right to intrastate travel, and longstanding Supreme Court precedent.

### <u>INTRODUCTION</u>

3. The Michigan Department of State runs a wealth-based driver's license "stop action" scheme, wherein a $45 fee is paid to Defendants through the performance of a proprietary function for a pecuniary profit normally not supported by taxes or fees, wherein there is no governmental immunity upon which Defendants can claim.  The Secretary of State Department of State, in October 2013 automatically and indefinitely placed a "stop action" on Plaintiff's Ms. Simmons driver's license for alleged parking tickets, wherein Plaintiff had no outstanding parking tickets written by the City of Detroit Parking Bureau, at the time of Defendants' "stop action" was placed against Plaintiff's driver's license.  The Secretary of State

2

Department of State, automatically and indefinitely places a "stop action" on individuals', including Plaintiff's Ms. Simmons driver's license preventing renewal of her driver's licenses for allegedly having 3 or more parking violations, under the ruse that the information was provided to the Secretary of State Department of State by a Judicial District Court. **(See Exhibit 1).**

The Secretary of State Department of State did not verify nor does not verify that the information received regarding parking citations/tickets/violations is true, accurate or complete. The Secretary of State Department of State did not and does not have any direct means of verifying that the information recceived regarding parking citations/tickets/violations is true, accurate, valid or complete. The Secretary of State Department of State refuses to directly verify and refuses to input measures to directly verify that the information received regarding parking citations/tickets/violations is true, accurate, valid or complete. The Secretary of State Department of State has a monetary incentive and interest imposing a "stop action" wherein a pecuniary profit is gained for each similarly situated individual such as Plaintiff Ms. Simmons. The Secretary of State Department of State's decision and determination for a."stop action" against Plaintiff's Ms. Simmons driver's license were solely based upon unverified, falsified, misled, fraudulent and inaccurate information for parking tickets claimed to be owed. The Secretary of State Department of State makes a pecuniary profit of $45.00 in the form of a clearance fee from each transaction, wherein an individual has to obtain a clearance of their name for reinstatement of their driver's license and provide a copy to the Secretary of State Department of State with payment of the $45.00 fee, regardless of the fact whether an individual may be unable to pay the reinstatement clearance fee. Without a driver's license, Plaintiff LaTausha Simmons already facing the harsh realities of living in poverty, an individuals such as herself, face additional hurdles of being unable to drive to and from work, keep medical appointments, and care for their family members.

4. The Michigan Department of State automatically places a "stop action" upon the driver's licenses of people who fail to comply with parking violations of 3 or more parking tickets, the scheme clearly notates that the driver license is "not suspended." Plaintiff Ms. Simmons does not fall within the

3

category of failing to comply and did not have any outstanding parking citations or tickets, let alone 3 or more parking citations/tickets/violations outstanding, at the time of Defendants' "stop action.".   Plaintiff seeks declaratory and injunctive relief prohibiting the denial of her right to renew her driver's license under the Defendants' wealth-based "stop action"scheme.  The scheme clearly notates that the driver license is "not suspended."

5.  Defendants violate Plaintiffs' Ms. Simmons substantive due process rights because it is fundamentally unfair to place a "stop action" and prevent renewal of her driver's licenses for alleged 3 or more parking citations/tickets wherein therefore were no outstanding parking tickets on her behalf, at the time of Defendants' "stop action" in October 2013.

6.  Defendants violate Plaintiff's Ms. Simmons substantive due process rights because Plaintiff has a fundamental right to both interstate and intrastate travel, and without meaningful alternatives to driving, the lack of a valid license necessarily impedes those rights without being narrowly tailored to a compelling government interest.

7.  Defendants violate Plaintiff's Ms. Simmons equal protection rights because the state's "stop action" scheme, that clearly notates that the driver license is "not suspended," lacks any rational basis. Preventing the renewal of the driver's licens has a demonstrably negative effect on a person, thus directly undermining the only possible governmental interest.

8.  Defendants violate Plaintiff's constitutional rights because the "stop action" was inapplicable to her driver's license, and was unlawfully and wrongfully imposed, wherein no parking violation were outstanding at the time of the imposing of the "stop action."

9. Defendants violate Plaintiffs' Ms. Simmons equal protection rights because automatic driver's license "stop actions" constitute an extraordinary collection effort.

10. Defendants violate Plaintiffs' Ms. Simmons procedural due process rights because Plaintiff Ms. Simmons has  a property interest in her driver's licenses that cannot be denied without notice and a hearing.

4

11. Defendants' actions were the direct and proximate cause of Plaintiff's Ms. Simmons injuries and damages and has caused Plaintiff Simmons to be subjected to violations of her protected federal and state Constitutional rights, including but not limited to: the denial to renew her driver's license; to be falsely arrested without probable cause; to malicious detainment and confinement (false imprisonment); to be maliciously prosecuted; to be fined in excess of $1,200.00 plus attorney fees in excess of $3,500 to defend against the stop action; denied medical care; to develop physical, mental and emotional bodily injury, monetary damages, property loss and past, present and future damages, injuries and losses to Plaintiff Ms. Simmons, in violation of *42 USC § § § 1983, 1985 and 1988, Due Process and Equal Protection Clauses, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983* and under the statutory and common law of the State of Michigan. That the inability to obtain a Michigan driver's license has and will continue to impose a substantial and irreparable hardship on the Plaintiff Ms. Simmons, that hinders or prevents Plaintiff Ms. Simmons from the pursuit of a livelihood, the ability to engage in many other normal transactions such as obtaining credit, goods, services and property or engage in the plethora of other common transactions in which photo identification is demanded.

## PARTIES

12. At all time relevant hereto, Plaintiff LaTausha Simmons ("hereinafter Ms. Simmons) is a resident of the City of Detroit, County of Wayne, State of Michigan, and of this District. Plaintiff Ms. Simmons had no outstanding parking tickets with the City of Detroit Parking Bureau, at the time of Defendants' "stop action" in October 2013, to substantiate Defendants' "stop actions."

13. Defendant Jocelyn Benson ("hereinafter Benson") is the Secretary of State for the State of Michigan, newly elected in 2018, and in that capacity indirectly and/or directly carries out prior laws, policies, practices, customs, and beliefs which violate Plaintiff's Ms. Simmons and similarly situated citizens such as herself, protected federal and state Constitutional rights.

14. Defendant Benson is sued in her individual and official capacity.

15. At all times relevant hereto, Defendant Michigan Secretary of State Department of State, is a department in the state government, and conducts a regular and systemic part of its business in the City of Detroit, County of Wayne, State of Michigan and in this District. Defendants principal place of business is in the City of Lansing, County of Ingham, State of Michigan and of this District.

16. At all times relevant hereto, Defendants Jane and John Doe, are residents of the State of Michigan, in this District, and at all times relevant hereto, were employed as a agents, ostensible agents, servants and/or employees with the Secretary of State of Michigan Department of State, and are being sued in their individual, as well as their official capacities.

17. Defendants either directly or indirectly, indefinitely places a "stop action" on an individuals driver's license preventing renewal of driver's licenses of individuals who have 3 or more parking violations, without verifying that the information is true, accurate or complete, without any independent means of verifying the information received regarding parking tickets is accurate, true or valid, and decisions and determinations and actions are solely based upon material misrepresentations, false, misleading and inaccurate information and a pecuniary profits of $45.00 as a clearance fee for each transaction, for covering up and/or ignoring the truth of and/or acquiesced the material misrepresentations, false, misleading and inaccurate information. See MCL 257.321a(7)(b) "Failure to Appear in Court/Failure to Comply With Parking Violations/State Civil Infractions," Department of State, http://www.legislature.mi.gov/(S(zxd532p4d0fkoytu3bbrqlfp))/mileg.aspx? page=getObject&objectName=mcl-257-321a

18. At all times relevant to the events, acts, and/or omissions alleged in this Complaint, Defendant Benson has acted under color of state law, pursuant to her authority and responsibility as an official of the State of Michigan.

6

19. At all times relevant to the events, acts, and/or omissions alleged in this Complaint, Michigan Secretary of State Department of State has acted under color of state law, pursuant to its authority and responsibility with the State of Michigan.

20. At all times relevant to the events, acts, and/or omissions alleged in this Complaint, Defendants Jane and John Doe have acted under color of state law, within their course, scope and authority and responsibility as agent, ostensible agents, servants and/or employees of the Michigan Secretary of State Department of State.

21. At all this relevant to the events, acts, and/or omissions alleged in this Complaint, and based on information and belief Defendants are directly and/or indirectly legally responsible in some manner for the occurrences alleged in this Complaint, and lawfully caused and continue to cause the injuries and damages to Plaintiff Ms. Simmons as alleged in this Complaint.

22. At all times relevant to the events, acts, and/or omissions alleged in this Complaint, unless otherwise alleged, Defendants were the agents, co-conspirators of every other Defendant, either directly or directly, and in doing the acts alleged in this Complaint, was acting within the scope, course, and authority of that agency, and in furtherance of the conspiracy and with the knowledge and consent of each of the other Defendants.

23. At all times relevant herein, all of the acts performed either directly or indirectly by Defendants, their agents, ostensible agents, servants or employees were performed within the scope of their agency, employment, and/or with apparent authority as an official of the State of Michigan and in their actions described herein, the Defendants were acting under color of state law and acting in the course and scope of their employment.

24. At all times relevant herein, at the time the events alleged herein, the Defendants were either directly or indirectly violating and continuing to violate Plaintiff's Ms. Simmons clearly established Constitutional Rights and Defendants actions were and are clearly unreasonable and illegal. As such, Defendants are not entitled to the defenses of either qualified or governmental immunity.

7

25. At all times relevant herein, MCL 691.1413 Damage arising out of performance of proprietary function. Sec. 13. The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees. No action shall be brought against the governmental agency for injury or property damage arising out of the operation of proprietary function, except for injury or loss suffered on or after July 1, 1965.

26. At all times relevant herein, at the time the events alleged herein, Defendants actions were through the performance of a proprietary function for a pecuniary profit normally not supported by taxes or fees and wherein there is no governmental immunity upon wherein Defendants can claim.

27. The amount in controversy exceeds Seventy-Five Thousand Dollars (75,000.00) exclusive of costs, interest and attorneys' fees.

## JURISDICTION AND VENUE

28. This action is brought pursuant to 42 U.S.C. § § § 1983, 1985 and 1988, 28 U.S.C. § § 2201 *et seq.* and 2202 as well as the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and under the statutory and common law of the State of Michigan and jurisdiction is appropriate in Federal District Court under 28 U.S.C. § § 1331 and 1343.

29. Venue is appropriate in the Eastern District of Michigan, Southern Division under 28 U.S.C. § 1391(b)(1) since, upon information and belief, all Defendants reside in said Judicial District. Further, venue is proper and appropriate in Eastern District of Michigan, Southern Division under 28 U.S.C. § 1391(b)(2) since the substantial part of the events that led to this cause of action occurred in said Judicial District.

8

## FACTUAL ALLEGATIONS

30. As of the filing of this complaint, Plaintiff has been and continue to be denied her privileges, interests and property rights to renew her driver's license due to a "STOP ACTION" placed on her driver's license by the Defendants.

> A driver's license, once issued, is a significant interest subject to constitutional due process protection and interest in registering and operating motor vehicle is as significant as interest in use of driver's license since driver's license is of little use unless licensee can register and operate a motor vehicle. *Shaver v. Kelly (1978) 267 N.W. 2d 72, 402 Mich. 554,).*

31. Prior to the Defendants' "stop action", Plaintiff's Ms. Simmons driver's license was in good standing.

32. On or around July 19, 2016 Plaintiff Ms. Simmons went to the Defendants' location to renew her driver's license in person.

33. That Defendants' denied Plaintiff Ms. Simmons the right to renew her driver's license.

34. That Defendants' "Stop Action" against the Plaintiff's Ms. Simmons driver's license, wherein there were no outstanding parking tickets on behalf of Plaintiff Ms. Simmons, prevented Plaintiff Ms. Simmons from renewing her driver's license and caused her driver's license to expire, denied Plaintiff Ms. Simmons, her property privilege, interest and rights in her driver's license. The "stop action" was inapplicable to Plaintiff and unlawfully and wrongfully applied to her driver's license.

35. That Defendants' action was a proprietary function for a pecuniary profit that forces Plaintiff Ms. Simmons to pay a fine to the Defendants to restore her license.

36. That because Defendants action was the performance of a proprietary function for a pecuniary profit normally not supported by taxes or fees, there is no governmental immunity upon which the Defendants can claim.

37. That on or around October 27, 2013, Defendants Secretary of State of Michigan Department of State, Lansing sent a letter via U.S. mail to Plaintiff that said Defendants had placed a "Stop Action"

9

against the Plaintiff's Ms. Simmons driving record for failure to pay parking violations effective 10/18/2013, with a violation date of 11/16/2010. **(See Exhibit 1)**

38. That prior to Defendants' action on the October 18, 2013 date, Defendants, had **not** sent Plaintiff Ms. Simmons any notice regarding Plaintiff Ms. Simmons having three or more parking violation notices in the same jurisdiction and that Plaintiff had 10 days to contact **the court** to resolve the problem and that Failure to do so results in a "stop action" order from the **local court** which requires the Secretary of State to prohibit any further licensing activity until the FCPV's (failure to comply with Parking Violations) have been cleared.

39. That because Defendants did not send Plaintiff any notice prior to placing the "stop action" against Plaintiff driver's license, Defendants deprived Plaintiff Ms. Simmons of her substantive and procedural due process rights.

> That due process requires that when a State seeks to terminate an interest such as that here involved, it must afford notice and opportunity for hearing appropriate to the nature of the case before the termination becomes effective. *Gargagliano v. Secretary of State, 62 Mich.App. 1 (1975).*

40. Defendants never received an order from the local 36th District Court to place a "stop action" against Plaintiff's driver's license and 36th District Court never authorized a "stop action" against Plaintiff's Ms. Simmons driver's license.

41. That the "Stop Action" is based on "material misrepresentations," unverified information supplied by the City of Detroit Parking Violations Bureau located at 1001 10th Street, Detroit, MI 48216 directly to Defendants and is **not** founded on the final judgments of trials wherein Plaintiff Ms. Simmons was given the opportunity to make a full presentation and to fully contest the allegations against her.

42. That the opportunity to be heard must precede any actual deprivation of the property.

> In *Hurt v. Austin*, 42 Mich App 554 (1972), the Court of Appeals held that regardless of whether driving is deemed a **"right"** or a privilege," revocation of a **driver's license** must be accomplished by procedures that afford the motorist due process.

10

43. That Michigan Vehicle Code 1949, PA 300, MCL 257.321a(7)(b) **does not** apply to Plaintiff Ms. Simmons because she had absolutely no outstanding violations at the time of Defendants' "stop action." **(see Exhibit 1-9).** Defendants failed to adhere to Michigan Vehicle Code 1949, PA 300, MCL 257.323(4) (a) and wrongfully and unlawfully imposed and continue to impose a "stop action" against Plaintiff's driver's license.

44. Plaintiff Ms. Simmons had in fact, responded to any and all parking violations within 30 days of receipt of any, by contacting both the City of Detroit's Municipal Parking Department Violations Bureau located at 1600 W. Lafayette Blvd, Detroit, MI 48226; the Parking Violations Bureau located at 1001 10th Street, Detroit, MI 48216 and **36TH DISTRICT COURT LOCATED AT 421 MADISON AVENUE, DETROIT, MI 48226** via phone, in person and/or U.S. mail. **(see Exhibit 1-9)**

45. The City of Detroit Parking Bureau retained and forwarded and intentionally represented inaccurate, falsified, fraudulent and misleading information pertaining to the parking ticket as the truth to Defendants, wherein the City of Detroit Parking Bureau egregiously, issued Plaintiff parking tickets for a violations that never occurred and **had i**gnored Plaintiff's written denials of responsibility and requests for a Formal hearing. The City of Detroit Parking Bureau failed and/or refused to forward Plaintiff's Ms. Simmons formal hearing requests to the appropriate departments, entities including 36th District Court to be heard before a judge. Plaintiff Ms. Simmons has suffered emotional and financial distress caused by these actions. Plaintiff Ms. Simmons has produced evidence of her formal hearing requests for a hearing before a Judge to the City of Detroit Parking Bureau. Plaintiff Ms. Simmons even contacted 36th District Court and produced same in lieu of the City of Detroit Parking Bureau' refusals, failures, inactions and actions. **(SEE EXHIBITS 1-9)**

The tickets in question are **Z08922690; J61865834; Z14560044; Z16461572; Z16593080; Z20454346; Z26115552 and Z37325540.**

46. Defendants indirectly and or directly, acted on and used inaccurate, fraudulent, falsified, misleading, incomplete and material misrepresentations received and forwarded directly from the City of

11

Detroit Parking Bureau, in violation of the law, wherein the city had failed to properly, appropriately process, document, record and update, current and accurate information pertaining to each parking ticket. Defendants directly and/or indirectly have acted on, unverified, mislead, false and obsolete information relevant to each of the above parking tickets misrepresented as the truth and placed a "stop action" on Plaintiff's Ms. Simmons driver's license.

47. Defendants acted on the following material misrepresentation: Ticket **Z08922690 issued 4/9/2009** for a parking meter violation, was withdrawn/**DISMISSED** by Defendant on **7/15/2009, prior to the Defendants' "stop action.'. Further,** Plaintiff was never issued that ticket. Plaintiff was issued someone else's ticket upon her vehicle, ticket Z08922686, **on the exact same date, approximately the exact same time, location and for the exact same parking violation** that the Defendants claims that Plaintiff received ticket **Z08922690.** That Plaintiff **paid ticket Z08922686,** immediately by money order on the exact same date before noticing that the ticket did not belong to her.   The City of Detroit Parking Bureau failed to document, record and update the withdrawal/dismissal of the ticket in it's system and subsequently, for the **past 8 years** represented and forwarded misinformation that the ticket was unpaid as the truth. That **on 2/24/2017,** Plaintiff again, produced documented evidence, **Detroit Parking Bureau withdrew and dismissed** the ticket in 2009. **(See Exhibits 2)**

48. Defendants acted on the following material misrepresentation: Ticket J61865834 issued 10/20/2009 by Wayne State University, for no standing, ticket is not recorded or documented within 36TH District Court's system nor anywhere within the Court's docket. Plaintiff Ms. Simmons denied responsibility and requested a Formal Hearing **on or around 11/16/2009, prior to the Defendants' action.  Pursuant to** MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances, Plaintiff Ms. Simmons was denied her due process rights to a formal hearing before a Judge in 36th District Court.  Plaintiff was denied the right to defend the alleged violation and the right to produce evidence.  Further, the City of Detroit parking Bureau intentionally mislead Plaintiff Ms. Simmons to believe that an administrative conference before a magistrate was a formal hearing,

12

wherein the issuing **Officer failed to appear.** This ticket does not exist in the issuer's system nor the City of Detroit parking Bureau system. **(See Exhibit 3)**

49. Defendants acted on the following material misrepresentation: Ticket **Z14560044 issued 3/4/2010** for a parking meter violation, Plaintiff denied responsibility and requested a Formal Hearing **on 3/4/2010 and paid the ticket on 3/12/2010, prior to the Defendants' "stop action.".** Plaintiff Ms. Simmons never received a Formal Hearing in violation of MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances. The City of Detroit Parking Bureau forwarded and misrepresented information that the ticket was unpaid as the truth. Plaintiff Ms. Simmons produced evidence that Plaintiff Ms. Simmons **PAID** the ticket in person on **3/12/2010. That approximately 6 1/2 years** later **on 8/3/2016** the violation was withdrawn/ **DISMISSED** by the City of Detroit parking Bureau. **(SEE EXHIBIT 4)**

50. Defendants acted on the following material misrepresentation: Ticket **Z16461572 issued 10/19/2010** for no standing, Plaintiff Ms. Simmons denied responsibility and requested a Formal Hearing **on 10/19/2010, prior to the Defendants "stop action.".** Plaintiff Ms. Simmons never received a Formal Hearing in violation of MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances. That the City of Detroit forwarded and misrepresented information that the ticket was unpaid as the truth. Plaintiff PAID the ticket in person on 12-14-2010 and produce evidence in support of same. That on 2/24/2017, ticket was DISMISSED by Party, ticket already Paid. **(SEE EXHIBIT 5)**

51. Defendants acted on the following material misrepresentation: That ticket **Z16593080 issued 11/16/2010** for overtime parking, Plaintiff Ms. Simmons denied responsibility and requested a Formal Hearing on **11/23/2010, prior to Defendant's action.** Plaintiff Ms. Simmons **PAID** the ticket by money order on or around **11/23/2010 and** again has produce evidence in support of same, to Defendants. That the City of Detroit Parking Bureau forwarded and misrepresented information to Defendants that the ticket was unpaid as the truth. **That approximately 6 years later,** Plaintiff Ms. Simmons was afforded a

13

Formal Hearing **9/21/2016, the ticket was DISMISSED** by 36th District Court, Officer failed to appear. **(SEE EXHIBITS 6)**

52. Defendants acted on the following material misrepresentation: That ticket **Z20454346 issued 4/26/2011** for parking meter violations, Plaintiff Ms. Simmons denied responsibility and requested a Formal Hearing **on 4/26/2011, prior to Defendants' "stop action.".** That the City of Detroit Parking Bureau refused to process and forward Plaintiff's request for a formal hearing. Plaintiff Ms. Simmons never received a Formal Hearing in violation of her protected federal and state law of the Constitution of the United States and State of Michigan. That approximately, **5 1/2 years later,** Plaintiff again, produced documented evidence in support of her request for a formal hearing to the City of Detroit parking Bureau. That the City of Detroit Parking Bureau withdrew and **DISMISSED ticket on 8/3/2016,** upon acknowledgment of their failure to appropriately process Plaintiff's Ms. Simmons formal hearing request. **(SEE EXHIBIT 7)**

53. Defendants acted on the following material misrepresentation: Ticket **Z26115552 issued 5/1/2013** for no standing, Plaintiff denied responsibility because **no violation ever occurred** and Plaintiff requested a Formal Hearing on the same date, **5/1/2013, prior to Defendants "stop action.".** That Plaintiff received a letter from the City of Detroit Parking Bureau **on or around 6/10/2013,** that stated that Defendant will **NOT** give plaintiff a formal hearing in violation of MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances and in violation of her protected federal and state rights of the Constitution of the United States. **That additional documentation produced by the City of Detroit Parking Bureau clearly indicating that Plaintiff (RVO) requested formal hearing...and that the Parking Bureau will not provide a formal hearing.** Plaintiff Ms. Simmons again, produced documented evidence of her request for a formal hearing and denial of responsibility with attached copy of the City of Detroit Parking Bureau's documentation refusing Plaintiff Ms. Simmons a formal hearing. On **8/3/2016,** over 3 years later, Plaintiff received a Formal

14

hearing and the ticket was **DISMISSED on 8/3/2016 by 36th District Court Judge, Officer failed to appear. (SEE EXHIBIT 8)**

54. Defendants' "stop action" against Plaintiff's Ms. Simmons driver's license was unlawful, illegal, and in violation of Plaintiff's Ms. Simmons protected Federal and State rights, *42 USC § § § 1983, 1985 and 1988, the Due Process and Equal Protection Clauses, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983* and under the statutory and common law of the State of Michigan, because Plaintiff Ms. Simmons had no outstanding parking citations/tickets/violations on her behalf, to substantiate a "stop action". **(See Exhibit 1-9).**

55. Plaintiff Ms. Simmons denied responsibility and requested formal hearings for alleged violations, in accordance to and pursuant to Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances. That City of Detroit Parking Bureau had **no authority of law** to deny, prevent or prohibit Plaintiff from receiving a formal hearing nor to deny her the privilege, interest and property rights to renew her driver's license. **(See Exhibits 1-9).**

57. On or around October 23, 2013, Plaintiff Ms. Simmons had contacted Defendants via phone, mail and in person regarding the October 18, 2013 letter received, but was told that the Defendants did not have any information regarding parking violations.

58. Plaintiff Ms. Simmons had mailed to Defendants and Appeared in person at Defendants' LANSING, Michigan office and provided Defendants with evidence of the record that Plaintiff Ms. Simmons had not outstanding parking violations with the City of Detroit, County of Wayne. **(See Exhibit 1-9).**

59. Defendants then told Plaintiff Ms. Simmons, that they cannot give Plaintiff any information regarding parking violations.

60. Defendants' refusal to provide Plaintiff any information regarding parking violations deprived Plaintiff of her substantive and procedural due process rights under the law.

15

61. Defendants' action of denying Plaintiff Ms. Simmons any information regarding parking violations denied Plaintiff Ms. Simmons of her state constitutional rights to defend the Defendants' action.

62. Defendants did **not** receive information from 36th District Court in Detroit, but instead, in violation of the law, received and relied upon information directly from the City of Detroit **Parking Bureau,** who actually issued the tickets and alleged that Plaintiff Ms. Simmons committed parking violations and who intentionally misrepresented its entity as 36th District Court in order to unlawfully profit and elicit money from Plaintiff.

63. Defendants in concert with the City of Detroit Parking Bureau for monetary gains, conspired with, acquiesced, covered up and ignored that City of Detroit **Parking Bureau,** intentionally misrepresented its entity as 36th District Court in order to unlawfully profit and elicit and extort money from Plainitff Ms. Simmons.

64. Defendants in concert with the City of Detroit Parking Bureau for monetary gains, conspired with, acquiesced, covered up and ignored that City of Detroit Parking Bureau, was without authority to determine, or to attempt to determine, the truth or falsity of any fact, or of any matter, relating to an alleged violation Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 35.5 et seq., from the CITY OF DETROIT.

65. Defendants in concert with the City of Detroit Parking Bureau for monetary gains, conspired with, acquiesced, covered up and ignored that any and all information regarding parking citations/tickets/violations was received from the Parking Bureau and not directly from 36th District Court located at 421 Madison Avenue, Detroit, MI 48226 which was in violation of Michigan Vehicle Code, 1949, PA 300, MCL 257.321a(7)(b), MCL 257.323; CONST 1963, Art 1,§§2,17; CONST 1963, Art 6,§28,; MCL 600.101 et seq.; MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 35.5 et seq., from the CITY OF DETROIT.

16

66. Defendants recklessly took action and continue to take action by imposing a "stop action" against Plaintiff Ms. Simmons driver's license and that action was erroneous, invalid, arbitrary, and without any basis in law; in excess of the Defendants' statutory authority or jurisdiction; made upon unlawful procedure resulting in material prejudice to the Plaintiff; not supported by competent, material, and substantial evidence on the whole record; arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion; affected by other substantial and material error of law and based solely on violations of the Plaintiff's substantive and procedural due process rights under the law. **(see Exhibit 1-9).**

67. That Defendants' actions were in violation of *42 USC § § § 1983, 1985 and 1988, Fourth, Sixth and Fourteenth Amendments to the United States Constitution* and under the statutory and common law of the State of Michigan; Michigan Vehicle Code, 1949, PA 300, MCL 257.321a(7)(b) and MCL 257.323, MCL 600.101 et seq.; MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 31-35.5 et seq.

68. Defendants negligently, intentionally, wanton, willfully and recklessly imposed and continue to impose a "stop action" against Plaintiff's Ms. Simmons driver's license and that action was erroneous, invalid, arbitrary, and without any basis in law; in excess of the Defendants' statutory authority or jurisdiction; made upon unlawful procedure resulting in material prejudice to the Plaintiff Ms. Simmons; not supported by competent, material, and substantial evidence on the whole record; capricious, or clearly an abuse or unwarranted exercise of discretion; affected by other substantial and material error of law and based on violations of the Plaintiff's substantive and procedural due process rights under federal and state law and local and city ordinance and statute, *42 USC § § § 1983, 1985 and 1988, Equal Protection Clauses, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983* and under the statutory and common law of the State of Michigan.

69. Defendants' actions were negligent, a breach of duty, an act of conspiracy and act of fraudulent omission or silent fraud that forces Plaintiff Ms. Simmons to take action. Defendants' violated and continue to violate Plaintiff's Ms. Simmons rights and her ability to renew her driver's license to date.

70. Defendants' actions were in violation of *42 USC § § § 1983, 1985 and 1988, Fourth, Sixth and Fourteenth Amendments to the United States Constitution* and under the statutory and common law of the State of Michigan; Michigan Vehicle Code, 1949, PA 300, MCL 257.321a(7)(b) and MCL 257.323, MCL 600.101 et seq.; MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 31-35.5 et seq.

71. Defendants' "stop action" placed against Plaintiff's Ms. Simmons driver's license was improper, illegal and unlawful and based on the conspiracy to cover up, intentionally withhold or conceal that there were no outstanding parking tickets on behalf of Plaintiff Ms. Simmons at the time of Defendants' "stop action" and that the "stop action' was inapplicable to her, was so prejudicial, so injurious and so wanton as to constitute a failure of Due Process, under State and federal constitutions. Defendants' continue to violate Plaintiff's Ms. Simmons rights and her ability to renew her driver's license to date.

72. Defendants' "stop action" was based on repeated and willful failures of City of Detroit Parking Bureau that not only materially and adversely impacted Plaintiff's Ms. Simmons ability to defend against claims of parking citations/tickets/violations, Defendants' were presented with the truth and had every opportunity to verify the truth, correct their actions and cease the violation against Plaintiff Ms. Simmons, however Defendants refused to and/or failed to act. Defendants', in violation of the law, reliance upon inaccurate, obsolete, fraudulent, falsified and material misrepresentation of information provided directly from the City of Detroit Parking Bureau, and Defenants acquiesced for the truth, demonstrated a conspiracy and fraudulent intent to conceal the existence of the truth for the purpose of impeding or obstructing Plaintiff's Ms. Simmons' ability to renew her driver's license. Defendants' actions were and are solely motivated by monetary pecuniary profits gained for clearance fees paid through such transactions described herein.

73. As a direct and proximate cause of the unlawful, malicious, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but

18

not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT I: VIOLATION OF 42 U.S.C. §§ 1983, 1985 AND 1988, FOURTH, SIXTH AND FOURTEENTH AMENDMENTS, DUE PROCESS RIGHTS AND EQUAL PROTECTION

74. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-73, as if fully set forth herein.

75. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Sixth Amendment of the United States Constitution is the section of the Bill of Rights that guarantees a citizen an attorney if the accused person wants one. The Fourth Amendment to the United States Constitution is part of the Bill of Rights. It prohibits unreasonable searches and seizures. In addition, it sets requirements for issuing warrants: warrants must be issued by a judge or magistrate, justified by probable cause, supported by oath or affirmation, and must particularly describe the place to be searched and the persons **or things to be seized.**

19

76. The Due Process Clause prohibits the state from subjecting individuals to processes and penalties that fail to comport with principles of due process and fundamental fairness.

77. Defendants do not make any inquiry into the reason for nonpayment of parking citations/tickets or a person's financial status before immediately placing a "stop action against their driver's license, preventing them from renewing their driver's licenses.

78. Defendants does not make any inquiry into the reason for nonpayment of parking citations/tickets or a person's financial status before immediately placing a "stop action against their driver's license, preventing them from renewing their driver's licenses.

79. Defendants failed to acknowledge and/or ignored that pursuant to MCL 600.101D(2)(c)(2); D(3)(c); D(4); E(4) Municipal Ordinance Violations Bureau in part: **the** Parking **Bureau shall not accept payment of a fine from any person who denies having committed the offense.** D) A municipal civil infraction citation shall... **2)** Further, the citation shall inform the alleged violator that he or she may do one of the following: **(c)** Deny responsibility for the municipal civil infraction by doing either of the following: **(2)** Appearing in court for a formal hearing before a judge, with the opportunity of being represented by an attorney.

80. Defendants failed to acknowledge and/or ignored that pursuant to Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 31-35.5 et seq. **(d)** An alleged parking violator **shall not be required** to dispose of a municipal civil infraction violation notice at the parking bureau and may have the violation heard as a municipal civil infraction citation **before a 36th District Court judge.** The unwillingness of any alleged violator to dispose of a violation at the parking bureau shall not prejudice, or in any way diminish such person's rights, privileges, and protection that are accorded by law."

81. Defendants failed to acknowledge and/or ignored that pursuant to: Municipal Civil Infractions- Authority of the Bureau (Ord. No. 32-97, sec 1, 9-10-97) Sec. 35.5-2-7. (b) The bureau **shall not** accept payment of a civil fine from any person who: **(2). Denies responsibility for a violation ; or**

20

**(3). Requests a hearing.  (d).** An alleged violator **shall not be required** to dispose of a municipal civil infraction violation notice at the bureau and may have the violation heard as a municipal civil infraction **citation before a 36th District Court judge** or magistrate.  The unwillingness of any alleged violator to dispose of a violation at the bureau shall not prejudice, or in any way diminish such person's rights, privileges, and protection that are accorded by law.

82.  The Sixth Circuit recognizes a fundamental right to intrastate travel under the Due Process Clause.  Because Plaintiff Ms. Simmons have no viable alternative to driving, Defendants' "stop action" preventing her from renewing her driver's license implicates her right to intrastate travel, and the "stop action" is not narrowly tailored to meet the state objective of debt collection.

83.  Plaintiff Ms. Simmons has protected property and liberty interests in her driver's license  and her ability to drive legally.  Defendants' counterproductive "stop action" method of preventing her from renewing her driver's license, even when unable to pay the $45.00 clearance fee to reinstate her driver's license, is not rationally related to a legitimate state interest and is therefore unconstitutional.

84.  Plaintiffs' equal protection rights are implicated when the State of Michigan uses its unique position as a government to execute forms of debt collection that are not available to private creditors.  By stripping Plaintiff Ms. Simmons of her driver's licenses as a means of collection, Defendants are violating her constitutional rights under equal protection.

85.  Plaintiff Ms. Simmons has protected property and liberty interests in her driver's license and her ability to drive legally.  Defendants violates her procedural due process rights by placing a "stop action" against her driver's license, preventing her from renewing her driver's license without affording them an opportunity to be heard.

86.  Defendants violates due process by  placing a "stop action" against Plaintiff's Ms. Simmons driver's licenses because penalizing a Plaintiff for not having outstanding parking tickets at the time of the "stop action" was imposed, or even a person failing to pay 3 or more parking tickets, or for debts that have already been paid, and preventing renewal of her driver's license, causing the driver's license to

21

expire, and imposing a $45.00 clearance fee to reinstate a person's and Plaintiff's driver's license, who may not be able to pay and is unable to pay, is fundamentally unfair. Griffin v. Illinois, 351 U.S. 12, 18 (1956) (holding that it is fundamentally unfair to deny access to an appeal solely because of inability to pay court costs); Tate v. Short, 401 U.S. 395, 395 (1971) (holding that it is fundamentally unfair to jail a person for inability to pay a fine); Williams v. Illinois, 399 U.S. 235, 240–41 (1970) (holding that it is fundamentally unfair to imprison a person beyond the maximum period fixed by statute solely because he cannot pay fines or court costs).

87. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT II: VIOLATION OF 42 U.S.C. §§§ 1983, 1985 AND 1988 DUE PROCESS AND EQUAL PROTECTION UNDER ARTICLE I §§ 2 AND 17 AND 6 § 28 OF THE 1963 MICHIGAN CONSTITUTION

88. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-87, as if fully set forth herein.

89. The Article I § 2 to the 1963 Michigan Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that "no person shall be denied the equal protection of the laws. "

90. The Article I § 17 to the Michigan Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that "No person shall be deprived of life, liberty or property, without due process of law." The Article 6 § 28 to the Michigan Constitution, enforceable pursuant to 42 U.S.C. § 1983., provides that: "All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect **private rights or licenses**, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record."

91. Defendants acted under Color of Law and pursuant to statute, custom, usage, or practice, individually and in concert with one another, unlawfully, recklessly and intentionally, for monetary pecuniary profits and with deliberate indifference and callous disregard of Plaintiff's established rights, in depriving Plaintiff of her liberty and property interests without due process of law and denied Plaintiff Ms. Simmons equal protection under the law, in violation of Article I §§ 2, 17 and 6 § 28 of the Michigan Constitution by denying her fair and just treatment to renew her driver's license.

92. The aforementioned Defendants, (to the extent that any other Constitutional remedies unavailable) are liable to Plaintiff Ms. Simmons for violating her constitutional rights under the Michigan Constitutional of 1963, consistent with and provided in the allegations set forth herein.

93. These acts, as well as others, were in violation of Defendants' affirmative duties to secure Plaintiff constitutionally protected rights.

94. As a direct and proximate cause of the unlawful, reckless, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT III: VIOLATION OF 42 U.S.C. §§§ 1983, 1985 AND 1988 AND FALSE ARREST

95. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-94, as if fully set forth herein.

96. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Sixth Amendment of the United States Constitution is the section of the Bill of Rights that guarantees a citizen an attorney if the accused person wants one. The Fourth Amendment to the United States Constitution is part of the Bill of Rights. It prohibits

24

unreasonable searches and seizures. In addition, it sets requirements for issuing warrants: warrants must be issued by a judge or magistrate, justified by probable cause, supported by oath or affirmation, and must particularly describe the place to be searched and the persons or things to be seized.

97. Defendants' actions of imposing a "stop action" against Plaintiff's driver's license, preventing her from renewing her driver's license, subjected Plaintiff Ms. Simmons to being ticketed and falsely arrested, for an expired driver's license, under the false belief that Plaintiff's Ms. Simmons driver's license was suspended, because of the intentionally blurred lines of the "stop action" versus suspension. Plaintiff Ms. Simmons was falsely arrest for an expired license due to Defendants "stop action" which prevented her from renewing her driver's license, was subjected to excessive court fines and costs over $1,200.00 and attorney's fees of $3,500.00.

98. The Due Process Clause prohibits the state from subjecting individuals to processes and penalties that fail to comport with principles of due process and fundamental fairness. Griffin v. Illinois, 351 U.S. 12, 18 (1956) (holding that it is fundamentally unfair to deny access to an appeal solely because of inability to pay court costs); Tate v. Short, 401 U.S. 395, 395 (1971) (holding that it is fundamentally unfair to jail a person for inability to pay a fine); Williams v. Illinois, 399 U.S. 235, 240–41 (1970) (holding that it is fundamentally unfair to imprison a person beyond the maximum period fixed by statute solely because he cannot pay fines or court costs).

99. A person whose license has a "stop action" for 3 or more unpaid parking tickets, including failure to pay the clearance reinstatement fee, is prohibited from renewing their driver's license and once the license expires, is prohibited from "operat[ing] a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles." Mich. Comp. Laws Ann. § 257.904(1). 78. Any person who violates this prohibition is guilty of a misdemeanor punishable by up to 93 days' imprisonment or a fine of up to $500 or both for the first violation, and, for subsequent violations, up to one year's imprisonment or a fine of up to $1000 or both. Mich. Comp. Laws Ann. § 257.904(3).

100. Defendants' wealth-based "stop action" scheme forced Plaintiff Ms. Simmons to choose between driving without an expired driver's license and employment opportunities, missing medical appointments, and losing income.

101. Defendants' wealth-based "stop action" scheme creates a downward spiral from poverty to criminal culpability: and 3 or more unpaid parking tickets triggers an automatic "stop action," preventing renewal of a driver's license which often leads to the misdemeanor of driving while one's license is expired.

102. Defendants' "stop action" was the direct and proximate cause of Plaintiff Ms. Simmons driver's license to expire and inevitably resulted a misdemeanor charge against her for driving while one's license is expired, under the ruse and blurred belief that her driver's license was actually suspended, when it was not and is not, which itself led to additional costs, fines, and to be subjected to false arrest, under false pretenses.

103. Defendants acted under Color of Law and pursuant to statute, custom, usage, or practice, individually and in concert with one another, unlawfully and intentionally and with deliberate indifference and disregard of Plaintiff's established rights, and for a monetary pecuniary profit, in depriving Plaintiff of her liberty and property interests without due process of law and denied Plaintiff equal protection under the law, in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 USC, § § § 1983, 1985 and 1988.

104. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her

26

head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT IV: VIOLATION OF 42 U.S.C. 42 U.S.C. §§§ 1983, 1985 AND 1988 AND DETAINMENT AND CONFINEMENT (FALSE IMPRISONMENT)

105. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-104, as if fully set forth herein.

106. The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Sixth Amendment of the United States Constitution is the section of the Bill of Rights that guarantees a citizen an attorney if the accused person wants one. The Fourth Amendment to the United States Constitution is part of the Bill of Rights. It prohibits unreasonable searches and seizures. In addition, it sets requirements for issuing warrants: warrants must be issued by a judge or magistrate, justified by probable cause, supported by oath or affirmation, and must particularly describe the place to be searched and the persons or things to be seized.

107. Defendants' "stop action" scheme caused Plaintiff Ms. Simmons to be subjected to false detainment, confined and imprisonment (jailed), for an expired driver's license, under the false belief that Plaintiff's Ms. Simmons driver's license was suspended, because of the intentionally blurred lines of the "stop action" versus suspension. Plaintiff Ms. Simmons was falsely detainment, confined and imprisonment (jailed) for an expired license due to Defendants' "stop action" which prevented her from

renewing her driver's license, further was subjected to post bail to be released, and was further subjected to excessive court fines and costs over $1,200.00 and attorney's fees of $3,500.00.

108. The Due Process Clause prohibits the state from subjecting individuals to processes and penalties that fail to comport with principles of due process and fundamental fairness. Griffin v. Illinois, 351 U.S. 12, 18 (1956) (holding that it is fundamentally unfair to deny access to an appeal solely because of inability to pay court costs); Tate v. Short, 401 U.S. 395, 395 (1971) (holding that it is fundamentally unfair to jail a person for inability to pay a fine); Williams v. Illinois, 399 U.S. 235, 240–41 (1970) (holding that it is fundamentally unfair to imprison a person beyond the maximum period fixed by statute solely because he cannot pay fines or court costs).

109. A person whose license has a "stop action" for 3 or more unpaid parking tickets, including failure to pay the clearance reinstatement fee, is prohibited from renewing their driver's license and once the license expires, is prohibited from "operat[ing] a motor vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles." Mich. Comp. Laws Ann. § 257.904(1). 78. Any person who violates this prohibition is guilty of a misdemeanor punishable by up to 93 days' imprisonment or a fine of up to $500 or both for the first violation, and, for subsequent violations, up to one year's imprisonment or a fine of up to $1000 or both. Mich. Comp. Laws Ann. § 257.904(3).

110. Defendants' wealth-based 'stop action" scheme forced Plaintiff Ms. Simmons to choose between driving without an expired driver's license and employment opportunities, missing medical appointments, and losing income.

111. Defendants' wealth-based "stop action" scheme creates a downward spiral from poverty to criminal culpability: and 3 or more unpaid parking tickets triggers an automatic "stop action," preventing renewal of her driver's license which often leads to the misdemeanor of driving while one's license is expired.

112. Defendants' "stop action" was the direct and proximate cause of Plaintiff Ms. Simmons driver's license to expire and inevitably resulted a misdemeanor charge against her for driving while one's

license is expired, under the ruse and blurred belief that her driver's license was actually suspended, when it was not and is not, which itself led to additional costs, fines, and periods of false detainment, confinement and being jailed under false pretenses.

113. Defendants acted under Color of Law and pursuant to statute, custom, usage, or practice, individually and in concert with one another, unlawfully and intentionally and with deliberate indifference and disregard of Plaintiff's established rights, and for a monetary pecuniary profit, in depriving Plaintiff of her liberty and property interests without due process of law and denied Plaintiff equal protection under the law, in violation of the Fourth, Sixth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 USC, Section 1983, 1985 and 1988.

114. As a direct and proximate cause of the unlawful, malicious, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

29

## COUNT IV: CONSPIRACY

115. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-114, as if fully set forth herein.

116. At all time relevant herein, (a) Defendants colluded, (b) to accomplish an unlawful purpose or a lawful purpose by unlawful means, (c) for a monetary gain through a pecuniary profit (d) performed one or more unlawful overt acts, and (e) caused damages to the Plaintiff.

117. Defendants' objectives were accomplished as evidenced by Defendants placing a "stop action" against Plaintiff's Ms. Simmons driver's license, preventing her from renewing her driver's license, causing her license to expire,wherein there were no outstanding parking tickets to be owed, therefore the "stop action" was inaaplicable to her, wherein she was deprived of her liberty, property and finances.

118. As a result of Defendants' conspiracy to place a "stop action against Plaintiff's Ms. Simmons driver's license, she suffered damages and injuries both mentally and physically.

119. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees, costs, in an amount that this court deems just, fair and appropriate, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT V:  DEFAMATION OF CHARACTER

120.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1-119, as if fully set forth herein.

121. At all times relevant Defendants (a) made defamatory statements involving moral turpitude that negatively reflected on Plaintiff's character, morality, integrity and driver's license, (b) made an unprivileged publication on her driving record and to third parties (i.e.insurance companies and credit bureaus).

122. Plaintiff Ms. Simmons did not have any outstanding parking ticket/citations/violations to be owed, wherein the "stop action" inapplicable to her, at the time of Defendants' "stop action" preventing her from renewing her driver's license, causing her driver's license to expire.

123.  Plaintiff Ms. Simmons was arrested without justification and without probable cause and was falsely accused of driving on an expired license under the false belief that her driver's license was suspended, due to Defendants' "stop action".

124.  As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE,**  Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney fees, declaratory and injunctive relief,

31

retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT VI: NEGLIGENCE AND GROSS NEGLIGENCE

125. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-124, as if fully set forth herein.

126. Defendants recklessly and negligently applied Michigan Vehicle Code 1949, PA 300, MCL 257.321a(7)(b) and placed a "stop action" against Plaintiff's driver's license and illegally and unlawfully prevented Plaintiff Ms. Simmons from renewing her driver's license, causing her driver's license to expire.

127. Defendants negligently and recklessly failed to apply Michigan Vehicle Code 1949, PA 300, MCL 257.323(4)(a) to Plaintiff's Ms. Simmons driver's license and placed a "stop action" against Plaintiff's driver's license and illegally and unlawfully prevented Plaintiff Ms. Simmons from renewing her driver's license, causing her driver's license to expire.

128. As a direct and proximate result of Defendants' unlawful action, Plaintiff Ms. Simmons will and continue to suffer substantial and irreparable harm as a result of her inability to obtain her Michigan driver's license

129. Defendants' action and conduct was a reckless, wanton and willful disregard for Plaintiff's Ms. Simmons protected due process rights, equal protection rights under the law and federal and state rights, and based on unverified, inaccurate, obsolete information and not supported by competent, material, and substantial evidence on the whole record. Plaintiff Ms. Simmons had no outstanding parking citations/tickets/violations to be owed, at the time of Defendants placed the "stop action" on her driver's license, which prevented her from renewing her driver's license. **(see Exhibits 1-9)**

130. Defendants recklessly without any knowledge of its truth, took action based on material representations directly provided to them by the City of Detroit Parking Bureau, in violation of the law, that Plaintiff had failed to comply with Parking Violations (FCPV), wherein Plaintiff had complied with and resolved all parking matters and had no outstanding parking tickets to be owed, at the time of

32

Defendants' "stop action". Defendants recklessly without any knowledge of its truth either acquiesced, ignored and/or never took any action to verify the material misrepresentation and unlawfully and unconstitutionally placed a "stop action" on Plaintiff's Ms. Simmons driver's license, preventing her from renewing her driver's license, causing her driver's license to expire.

131. Defendants' actions were with the intention that it should be acted upon by Plaintiff Ms. Simmons with payment to the benefit of Defendants.

132. Plaintiff Ms. Simmons suffered substantial and irreparable harm because of the Defendants' "stop action" against her driver's license that deprived and deprives her of her privilege, interest and property rights to renew her driver's license and Plaintiff Ms. Simmons cannot sustain her day to day life activities.

133. Defendants had a legal and equitable duty of disclosure to Plaintiff Ms. Simmons.

134. Defendants relied upon and acted upon material mispresentations that Plaintiff Ms. Simmons had failed to comply with parking violations, and unlawfully an wrongfully took actions against her driver's license.

> " ...that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being serious as though it had proceeded from vicious purpose, he would have a right of action for damages caused thereby either at law or in equity. [ *United States Fidelity, 412 Mich. at 115, 313 N. W.2d 77, quoting Holcomb v. Noble, 69 Mich. 396, 399, 37 N. W. 497 (1888)).*

135. That all the elements of actionable fraud are satisfied.

136. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress,

33

shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

137. The acts of Defendants described herein, as set forth above were intentional, wanton, reckless, negligent and oppressive thus entitling Plaintiff Ms. Simmons to an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney's fees, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT VII: BREACH OF DUTY

138. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-137, as if fully set forth herein.

139. At all time relevant herein, Defendants breached its duty when it disregarded the state and statutory law and placed a "stop action" against her driver's license and deprived and continue to deprive Plaintiff Ms. Simmons of her property privilege, interest and rights in her driver's license.

140. As a direct and proximate result of Defendants' unlawful action, Plaintiff Ms. Simmons suffered, suffers and will suffer substantial and irreparable harm as a result of her inability to obtain her Michigan driver's license

141. At all time relevant herein, Defendants owed a duty to the standard of ordinary care to Plaintiff Ms. Simmons, to wit, (a) receiving information from a verifiable source, and (b) not violating Plaintiff's Ms. Simmons protected due process rights, equal protection under law rights, and protected federal and state rights (c) and not placing a "stop action" against Plaintiff's Ms. Simmons driver's license

preventing her from renewing her driver's license, wherein there were no outstanding parking citations/tickets/violations, to be owed.

142. Defendants breached their duty by failing to act or perform their duties in accordance with state and federal laws.

143. Defendants conduct described herein, was for a pecuniary profit and intentional, unjustified, reckless, discriminatory and deliberately indifferent to Plaintiff's Ms. Simmons protected Federal and State rights.

144. As a direct and proximate result, the breach of duty by Defendants, was the proximate cause of Plaintiff Ms. Simmons emotional harm, physical injuries, and damages.

145. Defendants owed a duty to verify the sources of information provided to and received by them prior to placing a "stop action against Plaintiff's Ms. Simmons driver's license, preventing her from renewing her driver's license and causing her driver's license to expire.

146. Defendants displayed such reckless conduct as to demonstrate a substantial lack of concern for whether an injury results.

147. At all times relevant herein, Defendants owed a duty to act reasonably so to avoid injury, with respect to Plaintiff Ms. Simmons physically, emotionally and mentally and to prevent events described herein.

148. Defendants breached their duty owed to Plaintiff Ms. Simmons.

149. As a direct and proximate result, the breach of duty by Defendants, was the direct and proximate cause of Plaintiff Ms. Simmons emotional harm, physical injuries, and damages.

150. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification,

35

emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney's fees, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT VIII: VIOLATION OF MICHIGAN VEHICLE CODE MCL 257.321a(7)(b) AND MCL 257.323

151. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-150, as if fully set forth herein.

152. That Defendants application of the Michigan Vehicle Code MCL 257.321a(7)(b) and was erroneous, invalid, arbitrary, and without any basis in law. Defendants failed to apply Michigan Vehicle Code MCL 257.323(4)(a) before placing a "stop action" against Plaintiff's Ms. Simmons driver's license.

153. Defendants action was made upon unlawful procedure resulting in material prejudice to Plaintiff Ms. Simmons because Plaintiff Ms. Simmons was denied due process under the law. **(see Exhibits 1-9).**

154. Michigan Vehicle Code 1949, PA 300, MCL 257.321a(7)(b) states: "**(7)** The court may notify a person who has done either of the following, that if the person does not appear within 10 days after the notice is issued, the court will inform the secretary of state of the person's failure to appear: **(b)** Failed to answer 3 or more parking violation notices or citations regarding illegal."

155. Michigan Vehicle Code 1949, PA 300, MCL 257.321a(7)(b) **does not** apply to plaintiff as previously stated in the above allegations set forth herein.

36

156. Michigan Vehicle Code 1949, PA 300, MCL 257.323(4)a states: (a) In determining whether a petitioner is eligible for full driving privileges, the petitioner's substantial rights have been prejudiced because the determination is any of the following:

(i) In violation of the Constitution of the United States, the state constitution of 1963, or a statute.
(ii) In excess of the secretary of state's statutory authority or jurisdiction.
(iii) Made upon unlawful procedure resulting in material prejudice to the petitioner.
(iv) Not supported by competent, material, and substantial evidence on the whole record.
(v) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.
(vi) Affected by other substantial and material error of law.

157. As stated above, as a direct result of Defendant's unlawful action, Plaintiff Ms. Simmons suffered, continues to suffer and will suffer substantial and irreparable harm as a result of her inability to renew her Michigan driver's license.

158. As a direct and proximate cause of the unlawful, malicious, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney's fees, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

37

## COUNT IX: VIOLATION OF MCL 600.8721(1); MCL 600.101 et seq.

159. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-158, as if fully set forth herein.

160. MCL 600.8721(1) states: "A formal hearing shall be conducted only by a judge of the district court."

161. Defendants placed a "stop action against Plaintiff's Ms. Simmons driver's license, however Plaintiff Ms. Simmons was not afforded the right to a formal hearing by a judge of the 36th District Court, with an attorney, upon request through the City of Detroit Parking Bureau, in several of the above cases and of those afforded. Defendants' "stop action" therefore was unlawful and illegal and in violation of Plaintiff's Ms. Simmons protected federal and state rights.

162. That MCL 600.101D(2)(c)(2); D(3)(c); D(4); E(4) states: D) Contents of Municipal Civil Infraction Citations. A municipal civil infraction citation shall... 2) Further, the citation shall inform the alleged violator that he or she may do one of the following: (c) Deny responsibility for the municipal civil infraction by doing either of the following: (2) Appearing in court for a formal hearing before a judge, with the opportunity of being represented by an attorney; 3) The citation shall also inform the alleged violator of all of the following:

c) That a hearing shall be an informal hearing **unless a formal hearing is requested by the alleged violator or the city/village; and 4)** That at a formal hearing the alleged violator must appear in person before a judge with the opportunity of being represented by an attorney.

**E)** Municipal Ordinance Violations Bureau. **4) Scope of authority.** The scope of the City of Detroit Parking Bureau's authority shall be limited to accepting admissions of responsibility for municipal civil infractions and collecting and retaining civil fines and costs as a result of those admissions. **The City of Detroit Parking Bureau shall not accept payment of a fine from any person who denies having committed the offense or who admits responsibility only with explanation, and in no event shall the**

**City of Detroit Parking Bureau determine, or attempt to determine, the truth or falsity of any fact or matter relating to an alleged violation.**

163. Defendants action was based on the denial of Plaintiff's Ms. Simmons substantive and procedural due process rights in violations of MCL 600.101D(2)(c)(2); D(3)(c); D(4); E(4).

164. As a direct and proximate cause of the unlawful, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney's fees, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

## COUNT X: NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

165. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-164, as if fully set forth herein.

166. Defendants acted in an extreme and outrageous manner when acting under color of state law, they haphazardly and without adequate documentation imposed and continue to impose on Plaintiff a "stop action" against her driver's license, preventing her from renewing her driver's license, that culminated in her inability to renew her driver's license, for her driver's license to expire, her to be

39

subjected to wrongful arrest, wrongful detainment, confinement and false imprisonment and wrongful prosecution.

167. Defendants thereby, intentionally, or recklessly, inflicted severe emotional distress upon Plaintiff by denying Plaintiff the right to renew her driver's license through the use of false documentation or by withholding exculpatory evidence they had a duty to verify, prior to taking any action against Plaintiff's Ms. Simmons driver's license.

168. Defendants notwithstanding the standard duty of care, Defendants owed to Plaintiff the following duties: to refrain from inflicting emotional distress on the Plaintiff; to refrain from inflicting emotional distress from placing a "stop action"against her driver's license wherein there were no outstanding parking citations/tickets/violations to be owed; and to refrain from causing Plaintiff's Ms. Simmons driver's license to expire.

169. That Defendants' actions caused Plaintiff severe emotional distress.

170. At all time relevant herein, the Defendants actions driven by a pecuniary profit were so outrageous in character, and so extreme in degree and utterly intolerable in a civilized community. Defendants actions were intentional, unjustified, reckless, negligent and deliberately indifferent to Plaintiff's Ms. Simmons Federal and State rights and constitutes extreme and outrageous actions as defined under Michigan common law.

171. At all time relevant herein, the Defendants' actions were intentional, unjustified, reckless and deliberately indifferent to Plaintiff's Ms. Simmons Federal and State rights, for a gain of a monetary pecuniary profit.

172. The events described above would naturally and probably result in emotional distress.

173. The events described above have cause severe emotional distress to Plaintiff Ms. Simmons.

174. The emotional distress sustained by Ms. Simmons was so severe and of a nature that no reasonable person could be expected to endure.

40

175. Defendants directly and/or indirectly, negligently acted, acting or not acting in a way that caused Plaintiff to endure emotional pain. Defendants' conduct and the emotional distress has directly caused physical and emotional injuries to Plaintiff including but not limited to migraine headaches, physical impairment to the neck and back, physical wrist injury during the false arrest, detainment, confinement, imprisonment (jailing) due to Defendants' actions and all other documented injuries set forthwith herein. The distress results from a physical injury and is so egregious that it results in physical symptoms. Intentional Infliction of Emotional Distress caused by Defendants conduct is and was intentional and/or reckless, outrageous and intolerable and is a direct connection of Defendants' conduct and the emotional distress to the point Plaintiff Ms. Simmons having to seek medical treatment for her emotional distress.

176. As a direct and proximate cause of the unlawful, malicious, wanton, willful, intentional and outrageous acts by Defendants described herein, Plaintiff Ms. Simmons sustained injuries, including but not limited to: being unable to renew and obtain her driver's license; for her driver's license to expire; falsely arrested, falsely detained, confined and imprisoned, payment of or indebtedness for significant attorney fees, excessive court costs and fees, anxiety, humiliation, fright, shock, embarrassment, mortification, emotional trauma, loss of employment opportunities, a loss of society and companionship, distress, shame, annoyance, discomfiture, physical pain and suffering and exacerbation of prior injuries of her head, face, neck, shoulder, back, spine, migraine headaches, and other injuries damages and/or consequences that are found to be related, that develop or manifest in themselves in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, for actual, general, special, compensatory and punitive damages, attorney's fees if any, costs, in an amount that this court deems just, fair and appropriate, including attorney's fees, declaratory and injunctive relief, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable.

41

## INJUNCTIVE RELIEF

177. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-176, as if fully set forth herein.

178. Defendants policy of denying a Michigan driver's license to Plaintiff has caused and will continue to cause immediate and substantial irreparable harm and injury to Plaintiff Ms. Simmons, including but not limited to: interference with her ability to pursue employment and a livelihood, interference with her ability to engage in many other normal transactions such as obtaining credit, goods, services and property. Plaintiff's have no adequate remedy at law for Defendants direct and/or indirect unlawful actions.

179. Because of Defendants' interpretation, representation and application of state and statutory law and Michigan Vehicle Code, 1949, PA 300, MCL 257.321a(7)(b) and MCL 257.323 in the manner complained of herein is unlawful, unconstitutional and contrary to *42 USC § § § 1983, 1985 and 1988, Due Process and Equal Protection Clauses, Fourth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983* and under the statutory and common law of the State of Michigan, The Michigan Constitution's Article I §§ 2, 17 and 6 § 28, MCL 600.101 et seq.; MCL 600.8721(1) and Art II - City of Detroit Municipal Ordinance Violations Bureau Code of Ordinances (Ord. No. 32-97,§ 1,9-10-97) Sec. 35.5 et seq., Plaintiff Ms. Simmons has a strong likelihood of prevailing in this action.

180. The balance of harms favors the issuance of an injunction, inasmuch as Defendants will suffer no harm if an injunction is issued.

181. In addition, the public interest strongly favors the granting of injunctive relief. The Plaintiff Ms. Simmons is a productive residents of Michigan who contribute significantly and in many ways to her community and to Michigan's economic and social well-being, and these contributions will be diminished and impaired to the to the detriment of the public welfare unless injunctive relief is granted.

42

182. Defendants have caused, and continue to cause, Plaintiff to suffer irreparable harm for which she has no adequate remedy at law.

183. The Due Process Clause protects against arbitrary and capricious government action even when the decision to take action follows adequate procedures.

184. A person has protected property and liberty interests in a driver's license and its attendant government-sanctioned ability to drive. See Bell v. Burson, 402 U.S. 535 (1971); see also Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984).

185. Michigan's wealth-based "stop action" scheme is not rationally related to any legitimate government objective because placing a "stop action" against driver's licenses for parking tickets, preventing renewal of the driver's licenses impedes lower-income workers from obtaining or maintaining employment in order to meet their financial obligations to the court.

186. Driver's licenses are often essential in the pursuit of a livelihood, and a "stop action" preventing renewal of the driver's licenses for parking tickets, threatens important interests of the people who hold them and also prevents their ability to pay courts debts. In other words, the state's practice undermines the state's only goal.

43

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) per Defendant and further demands judgment against each said Defendant, jointly and severally, for punitive damages in the amount of Seventy-Five Thousand Dollars ($75,000.00) plus costs of this action, including attorney's fees if any, declaratory and injunctive relief restraining Defendants from taking any further action to prevent Plaintiff Ms. Simmons from renewing her driver's license, retroactive reinstatement of Plaintiff's Ms. Simmons driver's license and such other relief that this court deems just and equitable, including:

a. declaratory judgment that Defendants policies, practices, acts, and/or omissions as described herein are unlawful and violate Plaintiff's Ms. Simmons rights under the Constitution and laws of the United States;

b. An order and judgment preliminarily and permanently enjoining Defendants, their subordinates, agents, employees, representatives, and all others acting or purporting to act in concert with them or on their behalf from continuing with and continuing to impose the driver's license "stop action" for parking citations/tickets/violations, wherein there were no outstanding tickets/citations/violations to be owed at the time of Defendants' "stop action" against Plaintiff's Ms. Simmons driver's license, preventing her from renewing her driver's license and causing her driver's license to expire; the "stop action" was inapplicable to Plaintiff.

c. An order and judgment preliminarily and permanently ordering Defendants to retroactively reinstate the Plaintiffs' Ms. Simmons driver's licenses (insofar as she is unable to be renew it because of a "stop action" wherein there were no outstanding parking tickets/citations/violations to be owed, and moreover that her license is "not suspended"; and the "stop action" was based on materially misrepresented information provided to Defendants by the City of Detroit Parking Bureau and not 36th District Court) and enjoining the Defendant from requiring the Plaintiff's Ms. Simmons to pay the reinstatement fees and expiration fees.

d. An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and any other relief this Court deems proper.

I declare under penalty of perjury that the above statements are true.

Respectfully submitted,

LaTausha Simmons
20500 Dean
Detroit, MI 48234

July 15, 2019

44

## DEMAND FOR JURY TRIAL

Plaintiff LaTausha Simmons, demand a jury trial.

Respectfully submitted,

LaTausha Simmons
20500 Dean
Detroit, MI 48234

July 15, 2019

45

**EXHIBIT LIST**

**Exhibit 1:** "STOP ACTION" placed on her driver's license by Defendants.

**Exhibit 2:** LETTER showing ticket Z08922690 DISMISSED ON 7/15/2009; MONEY ORDER RECEIPT showing PAYMENT for Ticket Z08922686; JUDGMENT OF SENTENCE showing ticket Z08922690 DISMISSED BY 36th District Court on 2/24/2017

**Exhibit 3:** Copy of Ticket showing Request for a Formal Hearing on 11/16/2009 LETTER showing Request for a Formal Hearing on 11/16/2009; payment of ticket

**Exhibit 4:** PAYMENT RECEIPT directly from Parking Bureau dated 3/12/2010; COPY OF TICKET showing Formal Hearing request; PICTURES of broken parking Meter; REGISTER OF ACTION showing TICKET dismissed on 8/3/2016

**Exhibit 5:** PAYMENT RECEIPT dated 12/14/2010, Copy of ticket showing formal hearing request dated 10/19/2010; JUDGMENT OF SENTENCE showing ticket DISMISSED BY 36th District Court on 2/24/2017, Officer failed to appear

**Exhibit 6:** PAYMENT RECEIPT by MONEY ORDER showing payment made 11/23/2010; Copy of ticket showing Formal Hearing request on 11/16/2010; JUDGMENT OF SENTENCE showing ticket DISMISSED on 9/21/2016

**Exhibit 7:** Copy of Ticket showing formal hearing request dated 4/26/2011; Copy of Letter requesting Formal Hearing dated 4/26/2011; REGISTER OF ACTION showing ticket DISMISSED by Parking Bureau 8/13/2016 for their to schedule a Formal Hearing.

**Exhibit 8:** COPY OF TICKET showing formal hearing request dated 5/01/2013; COPY OF LETTER requesting formal hearing dated 5/01/2013; PICTURES showing proof of no violation occurred; CITY OF DETROIT PARKING BUREAU'S LETTER DENYING Plaintiff Ms. Simmons a Formal Hearing; CITY OF DETROIT PARKING BUREAU'S documented print-out acknowledging Plaintiff's Ms. Simmons request for a Formal Hearing, however Denying Formal Hearing; JUDGMENT OF SENTENCE showing Ticket DISMISSED 8/13/2016

**Exhibit 9:** JUDGMENT OF SENTENCE showing ticket DISMISSED, Officer failed to appear, no ticket issued only a letter from CITY OF DETROIT PARKING BUREAU with intentional inaccurate vehicle tag information; Plaintiff's Ms. Simmons request for a Formal Hearing; Photos of meter and vehicle.

# EXHIBIT 1

1

Case 2:19-cv-12091-PDB-APP ECF No. 1, PageID.48 Filed 07/16/19 Page 48 of 96



STATE OF MICHIGAN

## DEPARTMENT OF STATE
LANSING

| | |
|---|---|
| LICENSE NO: | S-552-488-244-5 |
| BIRTHDATE: | 07/19/1971 |
| VIOLATION DATE: | 11/16/2010 |
| HEARING DATE: | |
| COURT FILE NO: | |

LATAUSHA FAITH SIMMONS
20500 DEAN ST
DETROIT MI  48234



# FAILURE TO COMPLY WITH PARKING VIOLATIONS/STATE CIVIL INFRACTIONS

## DRIVER LICENSE STOP ACTION

The court listed below has notified the Department of State of your failure to pay parking violations or 2 or more handicapper parking violations or state civil infractions. A "stop action" has been placed on your driving record effective

**\*10/18/2013\***

You are prohibited from applying for a driver license, a motorcycle endorsement, or a commercial driver license endorsement or vehicle group designator until all matters related to these violations are resolved with the court.

This action complies with MCL 257.321a and remains in effect until we receive a clearance (Form DS1-62 or BDVR-127) from the court. MCL 257.321a also requires a $45.00 reinstatement fee to be paid to:

36TH DISTRICT COURT
1600 W LAFAYETTE BLVD
DETROIT MI  48226
(313) 221-2579

If you believe this order is in error, contact the court immediately.



# EXHIBIT 2



**CITY OF DETROIT**
**MUNICIPAL PARKING DEPARTMENT**
**PARKING VIOLATIONS BUREAU**
P.O. BOX 2549, DETROIT, MI 48231-2549
(313) 963-9630

*meter maid put Someone else's ticket on my car*
07/15/2009

*NOT EVEN MY TICKET NEVER RECEIVED A TICKET*

03JFG17

ḷ.ḷ.ṃḷḷ.ḷ.ḷḷ.ṃḷ.ḷ.ḷḷ.ḷ.ḷḷḷ.ḷ.ḷḷḷ.ḷḷ.ḷḷḷ.ḷ.ḷḷḷ.ḷḷ.ḷḷ
13 T:
LATAUSHA FAITH SIMMONS
20500 DEAN ST
DETROIT MI 48234-2014

Ticket Number:      Z08922690
Plate Number:       MI 6JWH55
Amount Due:         $ 0.00

Dear Sir/Madam:

The Parking Violations Bureau has investigated the circumstances pertaining to the parking ticket referenced above. Based upon a review of the information provided, your ticket has been dismissed.

Please retain this letter for your records and disregard any further correspondence you may receive regarding this ticket.

Ticket Processing Unit



Z08922690



EX 112

OOR 077

Z08922686



Z08922686   Exhibit X 10

CITY OF DETROIT PARKING VIOLATION BUREAU

*0905361322*

208922686

Someone else's
ticket put on m
car. Paid before
realize error
4-9-20

Spoke to
Gilda on
6-22-09
about tickets

EXH. 2

PEOPLE OF THE STATE OF MICHIGAN - CITY OF DETROIT

☐ INFRACTION
☐ MISDEMEANOR

Officer Name: GOTCHER SONDRA
Badge #: 299
Precinct: 001

CASE NO. Z089226

VS

SIMMONS/LATAUSHA/FAITH/
700 DEAN ST
DETROIT, MI 48234

SEX: DOB:
D.L.N: S552-488-244-569 MI

CASE STATUS: DISP

VEHICLE: 6JWH55 09 BUICK 0000
LOCATION: S ON CASS N OF PUTNAM

DRIVER'S LICENSE
REINSTATEMENT FEE. $.00

OFFENSE CODE: 821 PARKING METER VIOLATION
04/09/2009 TIME: 11:41AM

AMOUNT DUE. $.00

SCHEDULED DATES: ☐ FORMAL _____ ☐ INFORMAL _____ ☐ PRE-TRIAL _____
☐ TRIAL _____ ☐ SENTENCE _____ ☐ REVIEW _____

☐ ADMIT ☐ DENY ☐ GUILTY ☐ NOT GUILTY ☐ UNDER ADV (PUA)

HEARING: ☐ INFORMAL ☐ FORMAL ATTORNEY: _____

**COURT FINDS THE DEFENDANT:**

| RESPONSIBLE | NOT RESPONSIBLE | GUILTY | NOT GUILTY | DISMISSED – W/ OUT PREJUDICE | DISMISSED - NO OFFICER | DISMISSED UPON PYMT OF COSTS |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

☐ AS CHARGED: ☐ AMENDED TO:

**DEFENDANT:**

☐ WAS REPRESENTED BY AN ATTORNEY: _____

☐ WAS ADVISED OF RIGHT TO COUNSEL AND/OR APPOINTED COUNSEL AND KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THAT RIGHT.

**IS ORDERED THAT DEFENDANT PAY:**

| FS | COSTS. $ | JSDC. $ | NPIP $ | JSMO. $ | JSTC. $ |
|---|---|---|---|---|---|
| LS | JSNC. $ | CVRF. $ | RPEE. $ | SCREENING. $ | ATTORNEY. $ |
| AL SANCTIONS. $ | PAY BY: | | | | |

SENTENCE SUSPENDED.
SPEND _____ DAYS IN JAIL, AGAINST WHICH CREDIT IS GIVEN FOR _____ DAYS PREVIOUSLY SERVED.
ACTUAL TIME STILL TO BE SERVED IS _____ DAYS.
BE CONFINED TO JAIL IN ADDITION TO ANY OTHER JAIL TERM IMPOSED, UNTIL FINE AND COSTS ARE PAID, NOT TO EXCEED _____ DAYS.
BE CONDITIONALLY RELEASED TO THE COUNTY JAIL WORK PROGRAM FOR _____ DAYS.
BE PLACED ON PROBATION FOR _____ DAYS, MONTHS, YEARS & ABIDE BY STATUTORY TERMS OF PROBATION.
DNA ORDERED.
RETURN TO THIS COURT FOR: ☐ REVIEW DATE: _____ ☐ SENTENCE DATE: _____
DRIVER IMPROVEMENT SCHOOL: START DATE: _____ RETURN TO COURT: _____
OTHER: _already dismissed per parking bureau letter_
_12-24-17_
DATE

JUDGE'S, MAGISTRATE SIGNATURE

**YOU HAVE SEVEN (7) DAYS FROM THIS DATE TO APPEAL**

⚠️ ATTENTION DATE: 02/24/2017 TIME: 1:42 PM COURTROOM: 434

EXH 2

# EXHIBIT 3

, my copy

CHECK
cashed
on around
10-14-10

TICKET
ISSUED BY DATES
over not
WAYNE STATE UNIVERSITY
AGENT
(W SU)

NOT THE
-- BY EATON
TO
F DETROIT

required
17/6/07

WSU

Paid +30.00
10-11-10
By Check
Credit Union One
Banks

**CITY OF DETROIT**

**PARKING VIOLATION NOTICE** J 61865834

| | STATE | | |
|---|---|---|---|
| VEHICLE LICENSE NUMBER | TAG YR. | MICH. OTHER | STYLE |

**MAKE OF VEHICLE**

| B M I C | FORD | CHEV | PONT | DODG | OLDS | BUIC |
|---|---|---|---|---|---|---|
| | MERC | PLY | CHRY | CADI | HOND | TOYT |

LOCATION _____

| Viol. Date | Mo. | Day | Yr. | Time | AM PM | Agent's Signature |
|---|---|---|---|---|---|---|
| | 10 | | 09 | | | |

| Issuing Agency | Precinct No: | Area | Badge No. |
|---|---|---|---|
| WSU PD | | | |

The above signed Agent being duly sworn upon his or her Oath says that the statement made on this ticket is true or that he or she has probable cause to believe it is true.

REMARKS: _____

COMPLAINANT'S SIGNATURE
(IF OTHER THAN AGENT) _____

**CIRCLE ONE** FINE

| Code | Violation | | | | | Fine |
|---|---|---|---|---|---|---|
| 301 | PARKED IN PROHIBITED AREA/NO PARKING | | | | | $ 30.00 |
| 302 | IMPROPER PARKING | | | | | 30.00 |
| 304 | ALLEY VIOLATION | 304.2 | DRIVEWAY VIOLATION | 304.3 | CROSSWALK VIOLATION | 30.00 |
| 305.1 | DOUBLE PARK | 305.2 | DOUBLE STAND | 305.3 | FIRE HYDRANT VIOLATION | 30.30 |
| 311.1 | NO STANDING (ANYTIME) | 311.2 | SNOW EMERGENCY VIOLATION | 311.3 | COACH STOP | 30.00 |
| 312 | NO STANDING ____ AM | | | | | 30.00 |
| 313 | NO STANDING ____ PM | | | | | 30.00 |
| 314 | OVERTIME PARKING | | | | | 20.00 |
| 321 | PARKING METER VIOLATION METER NO. ____ | | | | | 20.00 |
| 630 | PARKING IN AREA RESERVED FOR THE HANDICAPPED | | | | | 100.00 |
| 935 | DPW STREET CLEANING | 840 | UNAUTHORIZED PARKING PRIVATE PROPERTY | | | 30.00 |
| 630 | UNATTENDED-KEY IN VEHICLE | | | | | 30.00 |
| 370 | NO STOPPING | | | | | 30.00 |
| 380 | COMMERCIAL VEHICLE/EQUIPMENT VIOLATION | | | | | 100.00 |

1/04

**VIOLATOR'S COPY (PLEASE READ OTHER SIDE)**

ISSUED BY
WAYNE STATE UNIVERSITY A.
T BY THE CITY OF DETROIT.

EXH 3

11-16-09

Ticket J61F65834

I deny responsibility and I
request a Formal Hearing for this ticket.

Copy of ticket attached.

WSU Student,
6JW HS

EXH3

STORE YOUR DUPLICATE CHECKS IN YOUR CHECK BOX.

☑ Track your expenses...
☐ Clothing
☐ Credit Card
☐ Entertainment
☐ Food
☐ Utilities
☐ Insurance
☐ Transportation
☐ Mortgage
☐ Other:
☐ TAX DEDUCTIBLE ITEM

1180

10 - 11 - 10

Wayne State University Parking Violation

Thirty 00/100

2-118-1  1618 65 834

30. 00

NOT NEGOTIABLE



# EXHIBIT 4

*payment, just took money*

## CITY OF DETROIT
### NOTICE OF PARKING VIOLATION

The vehicle described below was parked in violation of the Detroit City Code.

The named agent being duly sworn upon his or her oath says that the statements made on this ticket are true or that he or she has probable cause to believe it is true.

**Issue No.**
Z14560044

**Date**
THU 03/04/2010

**Time**
12:04PM

**Officer Name**
CC

**Officer ID**
288

**Agency**
MPD

**Area**
813

**Location**
W ON WARREN
and E OF ANTHONY WAYNE

**Meter No.** WW-08/16

### VIOLATION
**Code:** 821
PARKING METER VIOLATION

**Due Now**
$20.00

### VEHICLE
**License No.** 6JWH55
**State** MI
**Exp** 2010

**Color** GLD

**Make** BUIC
**Body Style** 4 DOOR

### REMARKS

CITY OF DETROIT PARKING VIOLATIONS BUREAU
1001 10th Street (between Howard & Lafayette)
Detroit, Michigan 48216 • (313) 963-9630
See Reverse Side

AID
3-12-10

SEE

'ICTURES

'IEXT

PGS.

Paid to park
for 2 hours
meter took .$1
but did not register
2 hours or anytime
phone
Tried calling # of meter
over
but line was busy / could not
leave message

EXH 4

## Important Notice

MAIL PAYMENT TO:

CITY OF DETROIT
PARKING VIOLATIONS BUREAU
POST OFFICE BOX 2946
DETROIT, MI 48231-2946

You are alleged to be responsible for a civil infraction. For the violation listed on the front of this ticket, within thirty (30) days you must either: 1) admit responsibility; or 2) admit responsibility with explanation; or 3) deny responsibility. Check the appropriate box and sign your name.

ADMIT RESPONSIBILITY. You may admit responsibility by surrendering a payment via the telephone, the internet, by mail or in person or by representation.

BY TELEPHONE - Call (313) 222-2424 to pay by card and adding the automated payment teller.

BY INTERNET - Pay with a credit card at the following website *[illegible]*

BY MAIL - Sign below. Mail this copy with your check or money order to the address listed above.

IN PERSON OR BY REPRESENTATION - Sign below. You or your representative must bring this copy to the Parking Violation Bureau at the address indicated on or before 30 days after the violation date.

I enter my appearance, waive my rights to a hearing, and I admit responsibility for the civil infraction alleged on the front of the parking violation notice.

☐ Signature_____ Date_____

Report Form

ADMIT RESPONSIBILITY WITH EXPLANATION. You may admit responsibility with explanation of the circumstances of the violation which the Parking Violation Bureau may consider in determining the amount of your fine and costs. You may admit responsibility with an explanation by mail, in person or by representation.

BY MAIL - Sign below. Mail this copy with your written explanation or your written request for an administrative conference.

IN PERSON OR BY REPRESENTATION - Sign below. You or your representative must bring this copy to the Parking Violation Bureau at the address indicated on the front of this violation notice on or before thirty (30) days after the issue of this notice.

Hearing

I enter my appearance, waive my rights to a hearing, and I admit responsibility for the civil infraction alleged on the front of the parking violation notice.

☐ Signature_____ Date_____

Enclosed

DENY RESPONSIBILITY. To deny responsibility you must either:
Appear in person in court for an informal hearing before a magistrate, referee, or judge; either side may bring an attorney; OR
Appear in court for a formal hearing before a judge. An attorney will be with the officer. You may be represented by an attorney.

You must contact the Parking Violation Bureau on or before thirty (30) days after the violation date by mail, or in person to request a hearing. An informal hearing will be scheduled unless you request a formal hearing.

☒ Signature ~~Signature~~ Date 8/4/0

Final

Failure to respond may subject you to be called, court action to be taken or your vehicle as be booted and impounded.

Hearing

The fine listed on the other side must be paid within thirty (30) days. Fines paid within ten (10) days of violation date will receive a ten ($10) dollar reduction to the fine amount. Late payments will cause penalties to be added to the original fine. To pay, mail check or money order (U.S. FUNDS) payable to THE CITY OF DETROIT. Enclose this notice with your payment. Write the violation number (see other side) on your check or money order. DO NOT SEND CASH.

FOR MORE
INFORMATION
CONTACT:

City of Detroit
Parking Violations Bureau
(313) 592-4970

HOURS: MON. - FRI. 8:00 A.M. - 5:00 P.M.     ETC912



EXH 4



NO LABEL
ON METER
TO SHOW
METER #
3-4-10

METER
REMAINS
BROKEN
BOTH DAYS



NEXT DAY
LABEL
SHOWING
METER
#
3-5-10

ON 4

P.10



8/22/2016  Register of Action

# 36TH DISTRICT COURT

Return

## Register of Action

Return to Search

BUREAU FAILED TO PROVIDE FORMAL HEARING OVER SIX (6) YEARS, SINCE FORMAL HEARING REQUEST

| STATE OF MICHIGAN | | | CASE NO: Z14560044 D01 OK |
| 36TH JUDICIAL DISTRICT| REGISTER OF ACTIONS | |
| ORI820365J | | | STATUS: CLSD 08/03/16 |

JUDGE OF RECORD:

JUDGE:

DETROIT v

CTN:

SIMMONS/LATAUSHA/FAITH/ TCN:

20500 DEAN ST SID:

DETROIT        MI 48234        ENTRY DATE: 06/23/10

OFFENSE DATE: 03/04/10 1204 PM

VEHICLE TYPE: PA        VPN: MI 6JWH55 10

DOB: 07/19/1971 SEX:    RACE:        CDL:

VEH YR:        VEH MAKE: BUIC  VIN:        PAPER PLATE:

OFFICER: CALICUT COURTNEY        |DEPT: 0222001

PROSECUTOR:

VICTIM/DESC: W ON WARREN Near E OF ANTHONY |VENUE: DETROIT

COUNT 1 C/M/F: C 821        PACC#

PARKING METER VIOLATION

ARRAIGNMENT DATE:        PLEA:        PLEA DATE:

FINDINGS: DISMISSED    DISPOSITION DATE: 08/03/16

SENTENCING DATE: 08/03/16

| FINE | COST | ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|------|------|---------|-----|-------|------|----------|---------|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

JAIL SENTENCE:        PROBATION:

VEH IMMOB START DATE:        NUMBER OF DAYS:        VEH FORFEITURE:

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |

03/04/10

    1   ORIGINAL CHARGE        PK EXP METER                             PKG

        PVB FINES                                     $     70.00       PKG

        DUE DATE               071410                               PKG

06/23/10

    1   FILING DATE          062310                               PKG

        CIFN NOTICE                                           PKG

07/29/10

    1   DEFAULT JUDGMENT                                       PKG

05/16/12

    1   FAC/FCJ/FCPV NOTICE GENERATED

                                 NO STOSTP PM

08/03/16

    1   DISMISSED                                               PKG

        CASE CLOSED                                           PKG

               ***** END OF REGISTER OF ACTIONS ***** 08/22/16 11:51

Return to Search



Parking Violations Bureau
PO BOX 2549
Detroit MI 48231-2549

RETURN SERVICE REQUESTED

August 03, 2016

CODNBRE   Z14560044 D1 6JWH55          36
Latausha Faith Simmons
20500 Dean St
Detroit, MI 48234-2014

RE:   Ticket Number:   Z14560044
      Amount Due:      $.00

The Parking Violations Bureau has investigated the circumstances pertaining to the parking ticket referenced above. Based upon a review of the information provided, your ticket has been dismissed.

Please retain this letter for your records and disregard any further correspondence you may receive regarding this ticket.

Sincerely,
Ticket Processing Unit



# EXHIBIT 5

1

City of Detroit
Parking Violation Bureau
1600 Lafayette Ave.
Detroit, Michigan 48226
(313) 963-9630

12-14-2010 04:59 PM 0071 A DT55
Plate: MI 6JWH55

| Ticket. | Amount Due | Amount Paid |
|---|---|---|
| 216461572 | 30.00 | 30.00 |

------- FEES -------
------- TOTALS -------

Ticket Fines                    30.00
Total Paid                      30.00
Amount Tendered                 30.00
------- NO CHANGE FOR CUSTOMER -------
Method Of Payment: Cash

Thank You For Your Payment

PAID
12-14-10



CITY OF DETROIT
NOTICE OF PARKING VIOLATION

Ticket No.
216461572

Date
TUE 10/19/2010                  Time
                                04:13PM
Officer Name
KK2                             Officer ID
                                298
Agency
PVD                             Area
                                133
Location
E ON SECOND
and S OF ANTOINETTE

VIOLATION
Code: 813
NO STANDING (PM)

Due Now
$30.00

VEHICLE
License No.      State  Exp
6JWH55           MI  2011
                                 Color
Make    Body Style              GRA
BUIC    4 DOOR

REMARKS

CITY OF DETROIT PARKING VIOLATIONS BUREAU
1001 1600 Lafayette (corner Howard & Lafayette)
Detroit, MI 48226 (313) 963-9630
See Reverse Side





STATE OF MICHIGAN
36th DISTRICT COURT
DETROIT, MI 48226

[X] CIVIL INFRACTION
[ ] MISDEMEANOR

Officer Name: COLEMAN KENNETH
Badge#: 298
Precinct: 001

PEOPLE OF THE STATE OF MICHIGAN - CITY OF DETROIT
VS

SIMMONS/LATAUSHA/FAITH/
0500 DEAN ST
DETROIT, MI 48234

SEX:  DOB: 07/19/1971
DLN: S552-488-244-569 MI

CASE STATUS:  DISP

DRIVER'S LICENSE
REINSTATEMENT FEE:  $.00

VEHICLE: 6JWH55  11  BUICK  0000
LOCATION: N ON SECOND Near S OF ANTOINET
OFFENSE CODE: 813  NO STANDING OR STOPPING ZONE--P.M. HOURS
DATE: 10/19/2010 TIME: 4:13PM

AMOUNT DUE:  $.00

RESCHEDULED DATES:  [ ] FORMAL _____  [ ] INFORMAL _____  [ ] PRE-TRIAL _____

[ ] TRIAL _____  [ ] SENTENCE _____  [ ] REVIEW _____

PLEA:  [ ] ADMIT  [ ] DENY  [ ] GUILTY  [ ] NOT GUILTY  [ ] UNDER ADV (PUA)

HEARING:  [ ] INFORMAL  [ ] FORMAL  ATTORNEY: _____

I. COURT FINDS THE DEFENDANT:

| RESPONSIBLE | NOT RESPONSIBLE | GUILTY | NOT GUILTY | DISMISSED – WITHOUT PREJUDICE | DISMISSED - NO OFFICER | DISMISSED UPON PYMT OF COSTS |
|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

[ ] AS CHARGED:  [ ] AMENDED TO:

_____

II. DEFENDANT:

[ ] WAS REPRESENTED BY AN ATTORNEY: _____

[ ] WAS ADVISED OF RIGHT TO COUNSEL AND/OR APPOINTED COUNSEL AND KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THAT RIGHT.

III. IT IS ORDERED THAT DEFENDANT PAY:

| FINE: $ | COSTS: $ | 36DC: $ | NPIF: $ | JSMO: $ | JSTC: $ |
|---|---|---|---|---|---|
| JSSS: $ | JSNC: $ | CVRF: $ | RFEE: $ | SCREENING: $ | ATTORNEY: $ |
| TOTAL SANCTIONS: $ | | PAY BY: | | | |

4. [ ] SENTENCE SUSPENDED.
5. [ ] SPEND _____ DAYS IN JAIL, AGAINST WHICH CREDIT IS GIVEN FOR _____ DAYS PREVIOUSLY SERVED. ACTUAL TIME STILL TO BE SERVED IS _____ DAYS.
6. [ ] BE CONFINED TO JAIL (IN ADDITION TO ANY OTHER JAIL TERM IMPOSED) UNTIL FINE AND COSTS ARE PAID, NOT TO EXCEED _____ DAYS.
7. [ ] BE CONDITIONALLY RELEASED TO THE COUNTY JAIL WORK PROGRAM FOR _____ DAYS.
8. [ ] BE PLACED ON PROBATION FOR _____ DAYS, MONTHS, YEARS & ABIDE BY STATUTORY TERMS OF PROBATION
9. [ ] DNA ORDERED.
10. [ ] RETURN TO THIS COURT FOR: [ ] REVIEW  DATE: _____  [ ] SENTENCE  DATE: _____
11. [ ] DRIVER IMPROVEMENT SCHOOL: START DATE: _____  RETURN TO COURT: _____
12. [ ] OTHER: _Already Paid_

_2-24-17_
DATE

JUDGE'S / MAGISTRATE'S SIGNATURE

**YOU HAVE SEVEN (7) DAYS FROM THIS DATE TO APPEAL**

DATE: 02/24/2017  TIME: 1:41 PM  COURTROOM: 434

EX 15

# 36TH DISTRICT COURT

Return

## Register of Action

Return to Search

```
|STATE OF MICHIGAN      |                      | CASE NO:   Z16461572  D01 OK |
|36TH JUDICIAL DISTRICT|  REGISTER OF ACTIONS |                              |
|ORI820365J            |                      | STATUS: CLSD      02/24/17   |
|                      |                      |                              |
```

JUDGE OF RECORD:

JUDGE: BRYANT-WEEKES,E. LY   P-45706

DETROIT v

CTN:

SIMMONS/LATAUSHA/FAITH/                          TCN:

SID:

ENTRY DATE: 01/06/11

OFFENSE DATE: 10/19/10   413 PM

VEHICLE TYPE: PA      VPN: MI 6JWH55  11

DOB: 07/19/1971  SEX:    RACE:                CDL:

VEH YR:       VEH MAKE: BUIC   VIN:           PAPER PLATE:

OFFICER: COLEMAN KENNETH              |DEPT: 0222001

PROSECUTOR:                          |

VICTIM/DESC: N ON SECOND Near S OF ANTOINET|VENUE: DETROIT

COUNT  1 C/M/F: C 813                    PACC#

NO STANDING OR STOPPING ZONE--P.M. HOURS

ARRAIGNMENT DATE:          PLEA:          PLEA DATE:

FINDINGS:  DISM BY PTY   DISPOSITION DATE: 02/24/17

SENTENCING DATE:

| FINE | COST | ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|------|------|---------|-----|-------|------|----------|---------|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

JAIL SENTENCE:          PROBATION:

VEH IMMOB START DATE:        NUMBER OF DAYS:        VEH FORFEITURE:

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|

10/19/10
```
  1  ORIGINAL CHARGE        NO STDSTP PM                              PKG
     PVB FINES                                        $     80.00     PKG
     DUE DATE               012711                                    PKG
```
01/06/11
```
  1  FILING DATE            010611                                    PKG
     CITN NOTICE                                                      PKG
```
02/10/11
```
  1  DEFAULT JUDGMENT                                                 PKG
```
05/16/12
```
  1  FAC/FCJ/FCPV NOTICE GENERATED
                            NO STDSTP PM
```
02/24/17
```
  1  JUDGMENT OF SENTENCE GENERATED
                            CourtRm 434                               030
     MISCELLANEOUS ACTION   NO STDSTP PM                              071
     JDG  BRYANT-WEEKES,E. LY                               P-45706  071
     PREVIOUS DISPOSITION SET ASIDE/CASELOAD REOPENED                 071
  1  DISMISSED BY PARTY                                               071
     DEFENDANT PROVIDED PROOF. ALREADY PAID                           071
     CASE CLOSED                                                      071
         ***** END OF REGISTER OF ACTIONS ***** 03/05/17 13:02
```

Return to Search



# EXHIBIT 6

## Important Notice

MAIL PAYMENT TO:
CITY OF DETROIT
PARKING VIOLATIONS BUREAU
POST OFFICE BOX 33-43
DETROIT, MI 48231-3643

You are alleged to be responsible for a civil infraction. For the violation listed on the front of the ticket, within thirty (30) days you must either: 1) admit responsibility; or 2) admit responsibility with explanation; or 3) deny responsibility. Check the appropriate box and sign your name.

ADMIT RESPONSIBILITY. You may admit responsibility by submitting a payment via the telephone, the internet, by mail or in person or by representation.

BY TELEPHONE - Call (313) 923-8003 to pay by credit card utilizing the automated payment facture.

BY INTERNET - Pay with a credit card at the following website: [illegible]

BY MAIL - Sign below. Mail this copy with your check or money order to the address listed above.

IN PERSON OR BY REPRESENTATION - Sign below. You or your representative must bring this copy to the Parking Violation Bureau at the address indicated on the front of the violation notice on or before 30 days after the violation date.

I enter my appearance, waive my rights to a hearing, and I admit responsibility for the civil infraction alleged on the front of the parking violation notice.

☐ Signature _____ Date _____

ADMIT RESPONSIBILITY WITH EXPLANATION. You may admit responsibility with explanation of the circumstances of the violation which the Parking Violation Bureau may consider in determining the amount of your fine and costs. You may admit responsibility with an explanation by mail, in person or by representation.

BY MAIL - Sign below. Mail this copy with your written explanation or your written request for an administrative conference.

IN PERSON OR BY REPRESENTATION - Sign below. You or your representative must bring this copy to the Parking Violation Bureau at the address indicated on the front of this violation notice on or before thirty (30) days after the issue of this notice.

I enter my appearance, waive my rights to a hearing, and I admit responsibility for the civil infraction alleged on the front of the parking violation notice.

☐ Signature _____ Date _____

DENY RESPONSIBILITY. To deny responsibility you must either:
Appear in person in court for an informal hearing before a magistrate, referee, or judge; either side may have an attorney, OR
Appear in court for a formal hearing before a judge. An attorney will be with the officer. You may be represented by an attorney.

You must contact the Parking Violations Bureau on or before thirty (30) days after the violation date by mail, or in person to request a hearing. An informal hearing will be scheduled unless you request a formal hearing.



Signature _____ Date 11/16/18

Failure to respond may cause a penalty to be added, court action to be taken or your vehicle to be booted and impounded.

The fine listed on the other side must be paid within thirty (30) days. Fines paid within ten (10) days of violation date will receive a ten ($10) dollar reduction to the fine amount. Late payments will cause penalties to be added to the original fine. To pay, mail check or money order (U.S. FUNDS) payable to THE CITY OF DETROIT. Enclose this notice with your payment. Write the violation number (see other side) on your check or money order. DO NOT SEND CASH.

FOR MORE
INFORMATION
CONTACT:

City of Detroit
Parking Violations Bureau
(313) 922-8313

HOURS: MON. - FRI. 9:00 A.M. - 5:00 P.M.        STS01E

EX16

# JUDGMENT OF SENTENCE

**STATE OF MICHIGAN**
**36th DISTRICT COURT**
**DETROIT, MI 48226**

☒ CIVIL INFRACTION
☐ MISDEMEANOR

**CASE NO:** Z16593080

Officer Name: COLEMAN KENNETH
Badge #: 298
Precinct: 001

## PEOPLE OF THE STATE OF MICHIGAN - CITY OF DETROIT

VS

**SIMMONS/LATAUSHA/FAITH/**
20500 DEAN ST
DETROIT, MI 48234

SEX: DOB: 07/19/1971
DLN: S552-488-244-569 MI

**CASE STATUS:** CLSD

VEHICLE: 6JWH55 11 BUICK 0000
LOCATION: N ON SECOND Near S OF ANTIONET
OFFENSE CODE: 814 OVERTIME PARKING
DATE: 11/16/2010 TIME: 1:05PM

DRIVER'S LICENSE REINSTATEMENT FEE: $.00

AMOUNT DUE: $.00

**RESCHEDULED DATES:**
☐ FORMAL _____ ☐ INFORMAL _____ ☐ PRE-TRIAL _____
☐ TRIAL _____ ☐ SENTENCE _____ ☐ REVIEW _____

**PLEA:** ☐ ADMIT ☐ DENY ☐ GUILTY ☐ NOT GUILTY ☐ UNDER ADV (PUA)

**HEARING:** ☐ INFORMAL ☐ FORMAL ATTORNEY: _____

## I. COURT FINDS THE DEFENDANT:

| RESPONSIBLE | NOT RESPONSIBLE | GUILTY | NOT GUILTY | DISMISSED – W/ OUT PREJUDICE | DISMISSED – NO OFFICER | DISMISSED UPON PYMT OF COSTS |
|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

☐ AS CHARGED: ☐ AMENDED TO:

## . DEFENDANT:

☐ WAS REPRESENTED BY AN ATTORNEY: _____

☐ WAS ADVISED OF RIGHT TO COUNSEL AND/OR APPOINTED COUNSEL AND KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY WAIVED THAT RIGHT.

## IT IS ORDERED THAT DEFENDANT PAY:

| FINE $ | COSTS $ | 36DC $ | NPIF $ | JSMC $ | JSTC $ |
|---|---|---|---|---|---|
| JSSS $ | JSRC $ | CVRF $ | BPRE $ | SCREENING $ | ATTORNEY: $ |
| TOTAL SANCTIONS $ | | PAY BY: | | | |

☐ SENTENCE SUSPENDED.

☐ SPEND _____ DAYS IN JAIL, AGAINST WHICH CREDIT IS GIVEN FOR _____ DAYS PREVIOUSLY SERVED. ACTUAL TIME STILL TO BE SERVED IS _____ DAYS.

☐ BE CONFINED TO JAIL. (or otherwise to any other all time served) UNTIL FINE AND COSTS ARE PAID, NOT TO EXCEED _____ DAYS:

☐ BE CONDITIONALLY RELEASED TO THE COUNTY JAIL WORK PROGRAM FOR _____ DAYS.

☐ BE PLACED ON PROBATION FOR _____ DAYS, MONTHS, YEARS & ABIDE BY STATUTORY TERMS OF PROBATION.

☐ DNA ORDERED.

. ☐ RETURN TO THIS COURT FOR: ☐ REVIEW DATE: _____ ☐ SENTENCE DATE: _____

. ☐ DRIVER IMPROVEMENT SCHOOL: START DATE: _____ RETURN TO COURT: _____

. ☐ OTHER: _____

JUDGE'S / MAGISTRATE'S SIGNATURE

DATE 9-21-16

ex6

⚠ ATTENTION **YOU HAVE SEVEN (7) DAYS FROM THIS DATE TO APPEAL.**

DATE: 09/21/2016 TIME: 9:57 AM COURTROOM: 220

# EXHIBIT 7



## CITY OF DETROIT
### NOTICE OF PARKING VIOLATION

**Issue No.**
**Z20454346**

**Date**
TUE 04/26/2011

**Time**
04:22PM

**Officer Name**
SH

**Officer ID**
324

**Agency**
MPD

**Area**
003

**Location**     Meter No.  8AJ04-03
N ON RANDOLPH
and N OF LARNED (E.)

**VIOLATION**

**Code:** 821
PARKING METER VIOLATION

**Due Now**
$20.00

**VEHICLE**

**License No.**
6BWH55

**State  Exp**
MI  2011

**Color**
GRA

**Make**
BUIC

**Body Style**
4 DOOR

**REMARKS**

CITY OF DETROIT PARKING VIOLATIONS BUREAU
1091 10th Street (between Howard & Lafayette)
Detroit, Michigan 48216 · (313) 963-8650
See Reverse Side

REQUESTED
A Formal hearing
April 26, 2011

mailed on 4-26-11

**Important Notice**

FORMAL Hearing Request



See copy of Ticket Enclosed.
Deny Responsibility.

April 26, 2011

City of Det., Parking Viol. Bureau, et al
1001 10th St/P.O. Box 2549
Det., MI 48216

a Pausha Simmons
2500 Dean
Detroit, MI 48234
:2045434L
JLOH55 MI 2011

Re: Formal Hearing Request. Per ticket Notice 220454346, GJLOH55
, of Detroit,

I am denying Responsibility to/of ticket 220454346 dated 4-22-2011.
an enclosed a copy of the ticket and the original ticket signed
my responsibility # 2 and an Request a Formal hearing for
ticket. money was placed in the meter, meter failed
register payment for allotted time.
                                                   La Pausha Simmons



# 36TH DISTRICT COURT

**Return**

## Register of Action

Return to Search

*BUREAU FAILED TO GIVE FORMAL HEARING OVER FIVE YEARS SINCE FORMAL HEARING REQUEST,*

```
|STATE OF MICHIGAN        |                           | CASE NO:  Z20454346  D01 OK |
|36TH JUDICIAL DISTRICT|   REGISTER OF ACTIONS     |                             |
|ORI8203653            |                           |(STATUS: CLSD )      08/03/16 |
|                      |                           |                             |
```

```
                              JUDGE OF RECORD:
                                   JUDGE:

DETROIT v
                                                    CTN:

     SIMMONS/LATAUSHA/FAITH/                         TCN:
     20500 DEAN ST                                   SID:
     DETROIT           MI 48234          ENTRY DATE: 07/28/11
                                         OFFENSE DATE: 04/26/11  422 PM
                           VEHICLE TYPE: PA    VPN: MI 6JWH55  11
DOB: 07/19/1971  SEX:   RACE:                        CDL:
VEH YR:          VEH MAKE: BUIC  VIN:           PAPER PLATE:
```

```
OFFICER: HUNTER SONYA                    |DEPT: 0222001
```

```
PROSECUTOR:                              |
VICTIM/DESC: N ON RANDOLPH Near N OF LARNED|VENUE: DETROIT
```

```
COUNT  1 C/M/F: C 821                         PACC#
PARKING METER VIOLATION
ARRAIGNMENT DATE:         PLEA:              PLEA DATE:
FINDINGS:  DISMISSED    DISPOSITION DATE: 08/03/16
SENTENCING DATE:  08/03/16
```

| FINE | COST | ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|------|------|---------|-----|-------|------|----------|---------|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

```
     JAIL SENTENCE:          PROBATION:
  VEH IMMOB START DATE:      NUMBER OF DAYS:       VEH FORFEITURE:
```

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|------|-------------------------------|----------|



04/26/11
  1  ORIGINAL CHARGE      PK EXP METER                           PKG
       PVB FINES                                  $     70.00     PKG
       DUE DATE              081811                             PKG
07/28/11
  1  FILING DATE         072811                             PKG
       CITN NOTICE                                   PKG
08/18/11
  1  DEFAULT JUDGMENT                              PKG
10/14/13
  1  FAC/FCJ/FCPV NOTICE GENERATED
                        NO STDSTP PM
08/03/16
  1  DISMISSED                                     PKG
       CASE CLOSED                                 PKG

            ***** END OF REGISTER OF ACTIONS ***** 08/22/16 11:53

Return to Search



# EXHIBIT 8

1



ERROR ON LOCATION
DOCUMENTED WRONG LOCATION
ON TICKET ABOVE.

00Z2611555200000003000

\* **INVALID**
**Z2611555 2 TICKET**

) ERROR ON LOCATION

(INDICATES W. ON ____ E. ON)

FAILS TO INDICATE THE EXACT LOCATION OR
CORRECT LOCATION OF VEHICLE

2) NO SUCH SIGN (NO STANDING (PM)) EXIST.
SIGN STATES 7AM to 9AM
TICKET WRITTEN AT 4:33 PM

) SEE PICTURES
) SEE REQUEST FOR FORMAL HEARING
) SEE MUNICIPAL PARKING DEPARTMENT





Request Denet Hearing

5-1-13

CASE 2:19-cv-12091-PDB-APP ECF No. 1, PageID.81 Filed 07/16/19 Page 81 of 96

my Copy

See ticket endorse

To  City of Detroit Parking Violation Bureau
1001 10th Street
Detroit, MI 48216

From  LaPaugh Simmons
20500 Dean
Detroit, MI 48234
6716455

Re: Ticket # 226115552 Request for a Final Hearing
Requesting a Formal Hearing per Improper Notice endorse/no
Error on Ticket; No such specified; Denying Responsibilities
#2 on ticket Signed 5-1-13. Per City of Detroit Instructions

City of Detroit Parking Violation Bureau,

Per the Improper Notice section of ticket #
226115552, I hereby request a Final Hearing as
of today's date 5-1-13. I am Denying Responsibility
and therefore requesting a Final Hearing.

S. Simmons
5-1-13

EXH 8



| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 5/2004 | M01558152 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | W ON JEFFERSON E OF BEAUBIEN | | 11/23/2004 | 05/06/2 |
| 3/2004 | M21547050 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | E ON LARNED W OF SHELBY | | 11/23/2004 | 05/06/2 |
| 1/2004 | M38456173 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | E ON LARNED/NS W OF SHELBY. | | 11/23/2004 | 05/06/2 |
| 1/2004 | M10262523 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | W ON LAFAYETTE W W OF GRISWOLD | | 11/23/2004 | 05/06/2 |
| 1/2004 | M36226046 | 813 | NO STANDING PM | XHW217 | $0.00 | W ON CONGRESS SS E OF WASH BLVD | | 11/23/2004 | 05/06/2 |
| 1/2003 | M09328266 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | 130 CADILLAC SQ. | | | |
| /2003 | M11385651 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | S ON BEAUBIEN S OF LAFAYETTE | | | |
| /2003 | M11350872 | 821 | PARKING METER VIOLA | XHW217 | $0.00 | S ON BEAUBIEN S OF FORT | | | |

**)&Tow $0.00**

| Date | Boot/Tow No | Type | Tow Fee | Amount Due | License | | Lic St: | Relationship | Name |
|---|---|---|---|---|---|---|---|---|---|
| | 28038 | TOW | $0.00 | $0.00 | 6JWH55 | | MI | Registered Owner | SIMMONS, LATAUSHA, FAIT |
| | 290071 | BOOT | $0.00 | $0.00 | 6JWH55 | | MI | Registered Owner | SIMMONS, LATAUSHA, FAIT |

Entered On 6/4/2013 1:00:36 PM by SROBIN CSR135 for Ticket No. Z26115552
SENT MAIL DEMANDING THAT THE TICKET BE REMOVED BECAUSE THE SHE FEELS THE TICKET IS BOGUS AND FRAUDULENT. NO
EST FOR HEARING.

  



/29/16
1 NOTICE TO APPEAR GENERATED
                                        NO STDSTP PM                               071
/03/16
1 JUDGMENT OF SENTENCE GENERATED
                                    CourtRm 220                                    030
        PROCEEDING HELD              NO STDSTP PM                                  030
        JDG  HINNANT JOHNSON,ADR                                      P-68999      030
        DISMISSED BY PARTY                                                         030
        NO PARKING ENFORCEMENT OFFICER APPEARED CASE DISMISSED                     030
        DISMISSED WITHOUT PREJUDICE                                                030
        COURT REPORTER: A. GRIER CSR #2727                                         030
        PARKING FINES                               $        30.00-               030
        LATE FEE - LOCAL ORDINANCE                  $        50.00-               030
        CASE CLOSED                                                                030
        ROA ONLY                                                                   030
             ***** END OF REGISTER OF ACTIONS ***** 08/03/16 11:10

Γ ROA CASE Z26115552  PTY D01 COUNT 01 INQ                          ST
1-Top F2-Bottom F9-Print           F13-OutQ Page/Roll F3/F24-Prior

FORMAL
RECEIVGO HEARING   3 YEARS AFTER REQUESTING
                                                    IT.

T TICKET MADG NO SENSE



8/22/2018

Register of Action

# 36TH DISTRICT COURT

Return

## Register of Action

Return to Search

IT TOOK 3 YEARS TO GET A FORMAL HEARING

| STATE OF MICHIGAN | | | CASE NO: 226115552 D01 OK |
| 36TH JUDICIAL DISTRICT| REGISTER OF ACTIONS | |
| ORI820365J | | | STATUS: CLSD | 08/03/16 |

JUDGE OF RECORD: BRYANT-WEEKES, E. LY    P-45706
JUDGE: HINNANT JOHNSON, ADR    P-68999

DETROIT v

SIMMONS/LATAUSHA/FAITH/
20500 DEAN ST
DETROIT          MI 48234

CTN:
TCN:
SID:
ENTRY DATE: 07/17/13
OFFENSE DATE: 05/01/13  433 PM
VEHICLE TYPE: PA    VPN: MI 6JWH55  13
CDL:

DOB: 07/19/1971  SEX:   RACE:
VEH YR:         VEH MAKE: BUIC   VIN:
PAPER PLATE:

OFFICER: DAVIS JACQUELINE                    |DEPT: 0222001

PROSECUTOR:
VICTIM/DESC: W ON JEFFERSON (W.) Near B ON |VENUE: DETROIT

COUNT  1 C/M/F: C 813                    PACC#
NO STANDING OR STOPPING ZONE--P.M. HOURS
ARRAIGNMENT DATE:          PLEA:          PLEA DATE:
FINDINGS:  DISM BY PTY    DISPOSITION DATE: 08/03/16
SENTENCING DATE:

| FINE | COST ST.COST | CON | MISC. | REST | TOT FINE | TOT DUE |
|------|------|------|------|------|------|------|------|
| 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

JAIL SENTENCE:          PROBATION:
VEH IMMOB START DATE:          NUMBER OF DAYS:          VEH FORFEITURE:

DATE          ACTIONS, JUDGMENTS, CASE NOTES          INITIALS

http://s.36thdistrictcourt.org/ROAWEBMQ/ROACase.aspx?CRTNO=36DFFIX=D&CASE=226115552&ID&PTY=D01&FILENAME=D08215341          1/3

8/22/2016                                       Register of Action

05/01/13
    1  ORIGINAL CHARGE          NO STDSTP PM                                  PKG
       PVB FINES                                      $      80.00            PKG
       DUE DATE                 030713                                        PKG
07/17/13
    1  FILING DATE              071713                                        PKG
       CITN NOTICE                                                            PKG
08/22/13
    1  DEFAULT JUDGMENT                                                       PKG
10/14/13
    1  FAC/FCJ/FCPV NOTICE GENERATED
                                NO STDSTP PM

06/17/16
    1  MANDATORY COURT DATE-CITC                                              PKG
06/28/16
    1  MISCELLANEOUS ACTION     NO STDSTP PM                                  071
       JDG  BRYANT-WEEKES,E. LY                              P-45706         071
       JUDGE OF RECORD/MAGISTRATE CHANGED                                     PGM
         FROM: 00000 NO SPECIFIC JUDGE                                        PGM
           TO: 45706 BRYANT-WEEKES,E. LYNISE,                                 PGM
       SCHEDULED FOR FORMAL HEARING
                               080316   930A   BRYANT-WEEKES       #  220    071
       NOTICE TO APPEAR REQUESTED - ALL PARTIES
                               NO STDSTP PM                                   071
       PREVIOUS DISPOSITION SET ASIDE/CASELOAD REOPENED                       071


NAME: SIMMONS/LATAUSHA/FAITH/          CASE NO: 226115552     PAGE   2

----

DATE                    ACTIONS, JUDGMENTS, CASE NOTES          INITIALS

----

    1  NOTICE TO APPEAR GENERATED
                               NO STDSTP PM                                   071
       MISCELLANEOUS ACTION     ALL COUNTS                                    320
       SUPPLEMENTAL SENTENCING                       $      80.00            320
       PARKING FINES                                 $      30.00            320
       LATE FEE - LOCAL ORDINANCE                     $      50.00            320
06/29/16
    1  NOTICE TO APPEAR GENERATED
                               NO STDSTP PM                                   071
08/03/16
    1  JUDGMENT OF SENTENCE GENERATED



08/22/2016

Register of Action

CourtRm 220 · 030

PROCEEDING HELD · NO STSTP FM · 030

JDG HINNANT JOHNSON, ADR · F-60999 · 030

DISMISSED BY PARTY · 030

NO PARKING ENFORCEMENT OFFICER APPEARED CASE DISMISSED · 030

DISMISSED WITHOUT PREJUDICE · 030

COURT REPORTER: A. GRIER CSR #2727 · 030

PARKING FINES · $ 30.00- · 030

LATE FEE - LOCAL ORDINANCE · $ 50.00- · 030

CASE CLOSED · 030

ROA ONLY · 030

***** END OF REGISTER OF ACTIONS ***** 08/22/16 11:53

Return to Search



# EXHIBIT 9

NOTICE TO APPEAR REQUESTED -           RS

PI  .   .                                                          030

2/19/17
  1  NOTICE TO APPEAR GENERATED
                        PK EXP METER                               030
2/05/18
  1  JUDGMENT OF SENTENCE GENERATED
                        CourtRm 338                                030
     PROCEEDING HELD        ALL COUNTS                             030
     JDG  BRYANT-WEEKES, R.                          P-45705       030
     DISMISSED                                                     030
     NO PARKING ENFORCEMENT                  L.S.I                 030
     FINE WAIVED                                                   030
     COURT REPORTER: C. PRZ                                        030
     PARKING FINES                                 .00-           030
     CASE CLOSED                                                   030
              *****  END OF RE   ...               . 09:49

CT ROA CASE 37325540  PTV                                    ST
F1-Top F2-Bottom F3-Print              O Page/Roll F3/F24-Prior



*PER INSTRUCTIONS DENYING RESPONSIBILITY THIS IS HEREBY CONSIDERED MY WRITTEN REQUEST FOR AN INFORMAL HEARING*

**JULY 25, 2017**

*BEFORE A MAGISTRATE OR JUDGE.*

*TICKET IS A FALSE TICKET NO SUCH VIOLATION OCCURRED.*

*THE ABOVE REQUEST WAS HAND DELIVERED AND MAILED TO THE PARKING VIOLATIONS BUREAU AT 1001 10th STREET DETROIT, MI 48216 ON OR AROUND 7/31/17*

**LATAUSHA FAITH SIMMONS**
**20500 DEAN ST**
**DETROIT, MI 48234**

RE:       Ticket #: Z37325540
          Plate: DMW1105
          Make: BUICK

This letter serves as a notice from the City of Detroit Municipal Parking Department Parking Violations Bureau that a parking ticket was issued on JULY 24, 2017.

A $20 late penalty will be added to the face value of the ticket if payment is not received within 30 calendar days of the violation date. Unpaid parking tickets may result in a hold being placed on your State of Michigan driver's license.

Copy of ticket is enclosed.

Please submit payment as soon as possible or request a hearing in writing.

If you have any questions, please feel free to call the Parking Violations Bureau customer service at (313) 963-9630, press 1 then 0 to speak to operator.

*EXH 9*

PARKING VIOLAT

MJ

*REQUESTING AN INFORMAL HEARING 7/31/17*

*THIS IS A FALSE TICKET!*

Tuesday, July 25, 2

Case 2:19-cv-12091-PDB-APP  ECF No. 1 PageID.93  Filed 07/16/19  Page 93 of 96



Case 2:19-cv-12041-RDB-APP  ECF No. 1, PageID.94  Filed 07/16/19  Page 94 of 96



JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

County in which action arose: WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
LATAUSHA SIMMONS

## DEFENDANTS
MICHIGAN SECRETARY OF STATE, ET AL.,

**(b)** County of Residence of First Listed Plaintiff   WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   WAYNE

NOTE:

Case:2:19-cv-12091
Judge: Borman, Paul D.
MJ: Patti, Anthony P.
Filed: 07-16-2019 At 02:20 PM
SIMMONS v BENSON, ET AL. (af)

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorney

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ■ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*
- ■ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § § § 1983, 1985 and 1988
Brief description of cause:
Deprivation of Civil and Constitutional Rights under Color Of Law

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ■ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE   Victoria A. Roberts
DOCKET NUMBER   2:18-cv-13812

DATE
July 16, 2019

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY
RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?          ☐ Yes
                                                                         ■ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other          ☐ Yes
            court, including state court? (Companion cases are matters in which      ■ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: __2:18- cv- 13812_____

Judge: __Victoria A. Roberts_____

Notes :